# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE,<br>          Plaintiff,<br><br>       v.<br><br>MONTGOMERY COUNTY<br>CORRECTIONAL FACILITY;<br><br>MONTGOMERY COUNTY;<br><br>SEAN P. McGEE, IN HIS INDIVIDUAL<br>AND OFFICIAL CAPACITY AS WARDEN<br>OF MONTGOMERY COUNTY<br>CORRECTIONAL FACILITY;<br><br>PRIMECARE MEDICAL, INC.;<br><br>JOHN DOES AND JANE DOES # 1-10, IN<br>THEIR INDIVIDUAL CAPACITIES AS<br>EMPLOYEES AND/OR AGENTS OF<br>MONTGOMERY COUNTY<br>CORRECTIONAL FACILITY AND/OR,<br>MONTGOMERY COUNTY,<br><br>         Defendants. | Case No. _____ |

## COMPLAINT

Plaintiff, John Doe, by and through his undersigned counsel, Justin Robinette, Esquire, hereby submits and files the instant Complaint against Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, in his individual and official capacity as Warden of Montgomery County Correctional Facility; PrimeCare Medical, Inc.; and John Does and Jane Does # 1-10, in their individual capacities as employees and/or agents of Montgomery

County Correctional Facility and/or Montgomery County, averring in support thereof, as follows:

## I.    THE PARTIES:

1.    Plaintiff, John Doe (hereinafter "Plaintiff") is a citizen and resident of Chester County, Pennsylvania, residing, at all relevant times, at ████████████████████. Plaintiff has redacted his name and address from the pleadings consistent with the Plaintiff's Motion to Proceed Anonymously filed on this same date.

2.    Plaintiff is a transgender man.  Plaintiff's preferred pronouns are "he," "him," and "his." Plaintiff started his gender transition in or about 2010 and has identified as male since that time.  At all times relevant hereto, Plaintiff suffered from gender dysphoria or "GD."

3.    Defendant, Montgomery County Correctional Facility (hereinafter "Montgomery County Correctional Facility" or "MCCF"), is a correctional institution organized and existing under the laws of the Commonwealth of Pennsylvania, with a headquarters, registered office, and principal place of business located at 60 Eagleville Road, Eagleville, PA 19403.

4.    Defendant, Montgomery County, is a municipality or municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a headquarters, registered office, and principal place of business located at One Montgomery Plaza, Attn: Benjamin H. Field, Solicitor, 425 Swede St., 8th Floor, Norristown, PA 19404.  Defendant, Montgomery County, maintains and is responsible for the care and custody of detainees incarcerated at the Montgomery County Correctional Facility.  Defendant, Montgomery County, receives Federal financial assistance for the operation of MCCF.  The operation of MCCF is governed by the Administrative Code of Montgomery County and by the regulations governing correctional facilities issued by the Pennsylvania Department of

Corrections.

5.    Defendant, Sean P. McGee, was, at all times relevant hereto, the Warden of Montgomery County Correctional Facility, with a place of employment located at 60 Eagleville Road, Eagleville, PA 19403.  Defendant, Sean P. McGee, is sued in his individual and official capacity as the Warden of Montgomery County Correctional Facility.

6.    Defendant, PrimeCare Medical, Inc. (hereinafter "PrimeCare Medical, Inc." or "PrimeCare"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a headquarters, registered office, and principal place of business located at 3940 Locust Lane, Harrisburg, PA 17109.  At all times relevant hereto, Defendant, PrimeCare Medical, Inc., contracted with Defendant, Montgomery County Correctional Facility, and with Defendant, Montgomery County, to provide medical services to detainees of Montgomery County Correctional Facility including to Plaintiff.

7.    Defendants, John Does and Jane Does # 1-10, were, at all times relevant hereto, employees and/or agents of Defendants, Montgomery County Correctional Facility and/or Montgomery County, whose identities are not yet known to Plaintiff at this time, but which may become known through the course of discovery into this matter.  It is believed and therefore averred that Defendants, John Does and Jane Does # 1-10, had personal involvement in the alleged discriminatory acts complained of herein.  Defendants, John Does and Jane Does # 1-10, are sued in their individual capacities as employees and/or agents of Defendants, Montgomery County Correctional Facility and/or Montgomery County.  Plaintiff reserves the right to seek leave of Court to amend the Doe designations in this Complaint during the course of discovery into this matter.

## II.     JURISDICTION & VENUE:

8.     This Court has jurisdiction over the parties and claims pled herein pursuant to 28 U.S.C. § 1331.

9.     This Court has jurisdiction over Defendants because Defendants' contacts with this state and judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in *International Shoe Company v. State of Washington*, 326 U.S. 310 (1945), and its progeny.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

## III.     CLAIMS FOR RELIEF:

### COUNT I:
### 42 U.S.C. § 1983 – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION – BASED ON TRANSGENDER STATUS
### (PLAINTIFF, JOHN DOE v. DEFENDANTS, MONTGOMERY COUNTY CORRECTIONAL FACILITY; MONTGOMERY COUNTY; SEAN P. McGEE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS WARDEN OF MONTGOMERY COUNTY CORRECTIONAL FACILITY; PRIMECARE MEDICAL, INC.; AND JOHN DOES AND JANE DOES # 1-10, IN THEIR INDIVIDUAL CAPACITIES AS EMPLOYEES AND/OR AGENTS OF DEFENDANTS, MONTGOMERY COUNTY CORRECTIONAL FACILITY AND/OR MONTGOMERY COUNTY)

11.     Plaintiff restates and realleges all previous paragraphs as though fully set forth here.

12.     At all times relevant hereto, Defendants, Montgomery County Correctional Facility, and Montgomery County, are alleged to have had a policy, practice, and/or custom of discrimination against transgender detainees.

13.     Plaintiff was incarcerated at Defendant, Montgomery County Correctional Facility,

beginning on or about September 11, 2023 through on or about May 2024.

14.     At all times relevant hereto, Defendant, Montgomery County Correctional Facility, housed men and women in separate sex-segregated cell blocks of Montgomery County Correctional Facility.

15.     From the time Plaintiff arrived at Defendant, Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, assigned Plaintiff to a female cell block, which was not, from Plaintiff's perspective, a cell block that was gender-appropriate for Plaintiff, and was not consistent with Plaintiff's internal sense of his gender identity.

16.     From the time Plaintiff arrived at Defendant, Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, classified Plaintiff's gender as female despite Plaintiff having, at the relevant time, two (2) separate identity documents including both a government-issued identification card and a passport which identified Plaintiff's gender as male.  Plaintiff has identified his gender identity as male since his transition in or about 2010.

17.     Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, classified Plaintiff's gender as female and assigned Plaintiff to a female cell block despite multiple requests from Plaintiff during Plaintiff's incarceration to be treated as male consistent with Plaintiff's gender identity.

18.    Plaintiff recollects that shortly after Plaintiff arrived at Montgomery County Correctional Facility, Plaintiff met with a health care provider while in a holding cell of the jail. Plaintiff inquired about Plaintiff's assignment to the female cell block from the provider. Plaintiff recollects that the provider stated to Plaintiff, "You were born as a female, we will put you with females," or words to that effect. Although Plaintiff is unsure about the individual's identity, Plaintiff believes that the individual is named Susan, does not know the individual's last name, and recollects that the individual may have been a psychiatrist. Plaintiff understood the individual to be a provider employed by Montgomery County rather than PrimeCare Medical, Inc. The provider is identified as a Doe defendant in this action. At all times relevant hereto, the provider is alleged to be an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting, at all times relevant hereto, within the course and scope of the provider's agency relationship with Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.

19.    Beginning shortly after Plaintiff's assignment to the female cell block of Montgomery County Correctional Facility, Plaintiff recollects that a correctional officer assigned to supervise Plaintiff's area, who Plaintiff believes to be named Correctional Officer Padilla, would misgender Plaintiff by referring to Plaintiff with "she" and "her" pronouns. Plaintiff does not recollect the Correctional Officer's first name. Plaintiff identifies his gender identity as male, and identifies with the preferred pronouns, "he" and "him."

20.    During Plaintiff's incarceration at Montgomery County Correctional Facility, Plaintiff was also referred to by the salutation, "Ms." or "Miss," followed by Plaintiff's last name, by the

6

correctional officer Plaintiff believes to be named Correctional Officer Padilla.  Plaintiff identifies his gender identity as being male, prefers the salutation, "Mr.," and does not prefer the salutation, "Ms." or "Miss."

21.     Plaintiff recollects that the misgendering by Correctional Officer Padilla consisting of the incorrect pronouns, "she" and "her," and the incorrect salutation, "Ms." or "Miss," occurred after Plaintiff requested to be transferred to a male cell block following Plaintiff's arrival at Defendant, Montgomery County Correctional Facility.  Plaintiff also recollects that he objected to each of the times Correctional Officer Padilla misgendered Plaintiff in the presence of Correctional Officer Padilla.  Correctional Officer Padilla did not correct the use of incorrect pronouns and salutation when referring to Plaintiff even after Plaintiff objected to the same.

22.     Plaintiff also recollects that the health care provider Plaintiff believes is named Susan, whose last name Plaintiff does not recollect, and who Plaintiff believes to be a psychiatrist—the same individual who stated to Plaintiff, "You were born as a female, we will put you with females," or words to that effect, following Plaintiff's arrival at the jail—made several visits to Plaintiff's cell during Plaintiff's incarceration.  Plaintiff recollects that the provider would refer to Plaintiff with the incorrect salutation, "Ms." or "Miss," instead of Plaintiff's preferred salutation, "Mr."  Plaintiff understood the individual to be a provider employed by Montgomery County rather than PrimeCare Medical, Inc.  The provider is identified as a Doe defendant in this action.  At all times relevant hereto, the provider is alleged to be an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting, at all times relevant hereto, within the course and

scope of the provider's relationship with Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.

23.    In addition, Correctional Officer Geist, who also was assigned to supervise Plaintiff during Plaintiff's incarceration with Defendant, Montgomery County Correctional Facility, also referred to Plaintiff by the incorrect pronouns "she" and "her."  It is believed that Correctional Officer Geist was, at all times relevant hereto, an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting within the course and scope of Correctional Officer Geist's agency relationship with the jail.

24.    During Plaintiff's incarceration at Montgomery County Correctional Facility, as a result of being assigned to a cell block that was not consistent with Plaintiff's gender identity, Plaintiff was subjected to harassment by the other detainees.  Plaintiff was misgendered with incorrect pronouns by the other detainees during Plaintiff's incarceration.  The other detainees would also taunt Plaintiff stating that Plaintiff did not belong on their cell block since he was a man, or words to that effect.  Plaintiff recollects that on another occasion a detainee stated that they were going to sue the jail because Plaintiff was not supposed to be there, or words to that effect.  Plaintiff recollects that two (2) other detainees in particular would walk over to Plaintiff's cell in order to stare in at him.  On one (1) such occasion, after Plaintiff asked to be left alone, the other detainee laughed at Plaintiff.

25.    On another occasion, in or about February 14, 2024, a female detainee attacked the Plaintiff.  The detainee had previously made a comment to Plaintiff that Plaintiff "ain't supposed to be here," or words to that effect.  The detainee scratched and left visible marks on the back of

Plaintiff's neck and upper back.  Plaintiff had not done anything to prompt the assault.

26.    When Plaintiff attempted to complain about the assault to a Correctional Officer employed by Defendant, Montgomery County Correctional Facility and/or Montgomery County, Plaintiff recollects that the Correctional Officer with whom Plaintiff was speaking appeared to disregard Plaintiff's concerns.  Plaintiff recollects that the Correctional Officer questioned whether Plaintiff had "the nerve" to say that the inmate, who is female, had attacked him.

27.    It is acknowledged that Plaintiff elected administrative segregation for the majority of Plaintiff's incarceration at Montgomery County Correctional Facility and acknowledges that this was as a result of the mistreatment Plaintiff received from the employees and detainees, and the fact that he was being assigned to a female dorm.

28.    On one (1) occasion, Plaintiff recollects when he arrived at Montgomery County Correctional Facility, Plaintiff was required to change clothes and into a jumper before being placed into a holding cell.  Plaintiff recollects several Correctional Officers were present. One (1) of the Correctional Officers who was present mocked Plaintiff by stating loudly, "Here she is!", when Plaintiff was walked in.  When Plaintiff expressed discomfort with changing his clothes in front of the officers, another officer stated that if Plaintiff did not remove his clothes right then, that the officer would cut the Plaintiff's clothes off of him, or words to that effect.

29.    On another occasion during Plaintiff's incarceration at Montgomery County Correctional Facility, Plaintiff was required to change clothes while being supervised by female correctional officers despite Plaintiff's objection to the same.  The correctional officers are believed and averred to be employees or agents of Defendant, Montgomery County

Correctional Facility, and/or Defendant, Montgomery County.  Plaintiff objected to changing clothes in front of female correctional officers to no avail on that occasion.  Plaintiff objected on that occasion because Plaintiff identified as a transgender man.  However, female correctional officers continued to supervise Plaintiff while he changed clothes on that occasion.

30.     During the time period of Plaintiff's incarceration at Defendant, Montgomery County Correctional Facility, because Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, assigned Plaintiff to a female cell block, the only option for Plaintiff to shower was to shower together with women from the general population of Plaintiff's cell block.  After Plaintiff requested and was denied a transfer to a male cell block, Plaintiff elected on approximately a daily basis, or every other day, to bathe using the sink in his individual cell rather than shower with women.

31.     During Plaintiff's incarceration at Montgomery County Correctional Facility, the other detainees would make offensive comments about Plaintiff not taking a shower.  Plaintiff did not do so because Plaintiff is a transgender man and he did not feel comfortable showering in the presence of cisgender women.  Plaintiff felt the need to defend himself and state that he did wash up every day in his cell.

32.     During Plaintiff's incarceration at Montgomery County Correctional Facility, to the best of Plaintiff's recollection, in or about April or May 2024, approximately a few weeks before Plaintiff was transferred out of Montgomery County Correctional Facility, a Correctional Officer who Plaintiff believed to be Correctional Officer Geist, threatened Plaintiff with, "I'll

drag you into that god-damned shower," or words to that effect.  Plaintiff elected instead to bathe using the sink in his individual cell because Plaintiff did not feel comfortable showering in the presence of cisgender women.

33.   During Plaintiff's incarceration at Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility, Montgomery County, and John Does and Jane Does # 1-10, provided Plaintiff with what Plaintiff believed were undergarments that were not provided to male inmates, but were provided to female inmates. Plaintiff was specifically provided women's underwear which were undergarments that were not consistent with Plaintiff's gender identity.  Plaintiff was provided women's underwear approximately twice to Plaintiff's recollection during Plaintiff's incarceration with Defendant, Montgomery County Correctional Facility, and Defendant, Montgomery County. It is believed and therefore averred that cisgender women housed in the female cell blocks of Defendant, Montgomery County Correctional Facility, are provided women's underwear by the jail that do not have to be purchased through the Commissary.

34.   Plaintiff recollects an occasion during his incarceration at Montgomery County Correctional Facility, during a period of time beginning in or around November 2023, and, Plaintiff recollects, for a few weeks thereafter, it is believed and therefore averred that Plaintiff was denied the use of barber services from the barber shop located on the premises of Montgomery County Correctional Facility.  Plaintiff made a request of a correctional officer to use the barber shop which was denied by the officer at that time.  It is alleged that Defendants, Montgomery County Correctional Facility, Montgomery County, and John Does and Jane Does # 1-10 denied Plaintiff the use of the barber shop on that occasion.  It is

believed and therefore averred that barber services were made available to other inmates of the jail at or around that time.  It is acknowledged when Plaintiff subsequently requested the use of barber services from a different correctional officer that the other officer approved the request at that time.

35.    Plaintiff recollects submitting multiple formal, written grievances to Defendants, Montgomery County Correctional Facility, Montgomery County, and, it is believed, Defendant, Sean P. McGee, the Warden of Montgomery County Correctional Facility, regarding being mistreated on account of Plaintiff's gender identity, throughout Plaintiff's incarceration.  Plaintiff recollects on each occasion placing the grievance in a specific box designated for grievances by the jail.  Plaintiff recalls one (1) such grievance was submitted in or around December 2023 to the best of Plaintiff's recollection.  At no time were Plaintiff's grievances with respect to Plaintiff's assignment in the female cell block addressed by the Defendants, and at no time was Plaintiff prescribed hormone replacement therapy by the Defendants consistent with his grievance submitted regarding the same.

36.    During Plaintiff's incarceration at Montgomery County Correctional Facility, health care providers acting within the course and scope of their agency relationship with, it is believed and therefore averred, Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, the Warden of Montgomery County Correctional Facility, and PrimeCare Medical, Inc., denied Plaintiff gender affirming medical care in the form of hormone replacement therapy or "HRT."  Hormone replacement therapy was denied for the entire duration of Plaintiff's incarceration at Montgomery County Correctional Facility.

37.    Plaintiff recollects that during his incarceration at Montgomery County Correctional Facility

when he initially inquired about hormone replacement therapy from a health care provider who was believed and averred to be employed by Defendant, PrimeCare Medical, Inc., the provider stated to Plaintiff that Plaintiff could not be prescribed hormone replacement therapy because the prescription on file for Plaintiff had expired, or words to that effect.

38.     When Plaintiff asked the provider whether the prescription could be renewed, the provider stated that Plaintiff would have "to go to another kind of doctor," or words to that effect. Upon information and belief, Plaintiff was never referred to another provider about Plaintiff's request to be prescribed hormone replacement therapy during his incarceration at Montgomery County Correctional Facility.  At no time during Plaintiff's incarceration at Montgomery County Correctional Facility was Plaintiff prescribed HRT.

39.     It should be noted that upon Plaintiff's eventual transfer from Montgomery County Correctional Facility to a jail located in California, in or around May 2024, Plaintiff remained in jail for approximately two (2) days until he was released, and within that timeframe Plaintiff was prescribed hormone replacement therapy within a matter of, Plaintiff recollects, approximately one (1) or two (2) days following his transfer from Montgomery County Correctional Facility to California.

40.     It should be further noted that upon Plaintiff's eventual transfer from Montgomery County Correctional Facility to the jail located in California, that in California Plaintiff was placed on a male cell block.

41.     At all times relevant hereto, Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, are alleged to have had a policy, practice,

and/or custom of making custodial housing assignments on the basis of the detainee's sex identified at birth, rather than their internal sense of their gender identity, for purposes of placement in Defendants' correctional institution.

42. Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, are further alleged to have had a policy, practice, and/or custom of not treating transgender detainees consistent with their gender identity.

43. Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, are alleged to treat transgender men differently from cisgender men which means Defendants treat individuals differently on the basis of sex.

44. Plaintiff belongs to a protected class of transgender individuals. People who are transgender have historically been subjected to discrimination and prejudice. It is alleged that Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, PrimeCare Medical, Inc., and John Does and Jane Does # 1-10, in their individual capacities as employees and/or agents of Defendants, Montgomery County Correctional Facility and/or Montgomery County, discriminated against Plaintiff on the basis of Plaintiff's transgender status at all relevant times during Plaintiff's incarceration.

45. Heightened or intermediate scrutiny applies to discrimination on the basis of transgender status because such discrimination is discrimination on the basis of sex and because transgender status is itself a quasi-suspect classification.

46.  Plaintiff further contends that a heightened or intermediate level of scrutiny attaches such that the Court should analyze whether there were alternatives to the assignment of Plaintiff as a transgender male to a female cell block, and if not, then available alternatives to treating Plaintiff inconsistently with his gender identity, such as, even if Plaintiff were going to be placed on a cell block that was not consistent with his gender identity, whether, for example, other concerns can be alleviated such as correct pronouns being used, whether a correct salutation can be used, whether undergarments should be given which were consistent with Plaintiff's gender identity, whether Plaintiff was provided a dignified way to shower like other detainees besides the sink, whether Plaintiff should be supervised by male correctional officers including when dressing, undressing, and showering, whether Plaintiff should be permitted to access services like the barber shop when he requested, and whether Plaintiff should be permitted to access hormone replacement therapy.

47.  The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution applies because similarly situated individuals are being treated differently.  Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, are alleged to treat transgender men differently from cisgender men which means Defendants treat individuals differently on the basis of sex.  Plaintiff is transgender and is being subjected to disparate treatment compared to a similarly situated cisgender individual. Plaintiff was assigned to a cell block that was inconsistent with his gender identity, and treated inconsistently with his gender identity during his incarceration by employees and inmates.

48.    Plaintiff also alleges that Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, had a custom of inaction to Plaintiffs complaints of discrimination based on Plaintiff's gender identity.

49.    It is alleged that Defendant, PrimeCare Medical, Inc., at all times relevant hereto, had a policy, practice, or custom of not providing transgender detainees with access to medically necessary gender affirming care, such as hormone replacement therapy ("HRT"), while the individuals are incarcerated, because of a policy, practice, or custom, unwritten or not, of treating gender affirming care and treatment as if it were cosmetic, rather than medically necessary, in order to deny providing the medical care.  Plaintiff alleges that an HRT ban in a jail is unconstitutional.   Plaintiff also alleges that Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, operated the above policy, practice, and custom, in addition to Defendant, PrimeCare Medical, Inc.  Plaintiff also alleges a custom of inaction to Plaintiff's grievances regarding being prescribed HRT during his incarceration.

50.    It is alleged that Defendant, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, at all times relevant hereto, had final decision-making authority with respect to where a detainee is confined at Montgomery County Correctional Facility.  It is alleged that Defendant, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, had final decision-making authority over assigning Plaintiff to a female cell block despite Plaintiff's

gender identity being male.

51.    Defendants, Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; PrimeCare Medical, Inc.; and/or John Does and Jane Does # 1-10, directly and proximately caused Plaintiff harm. Plaintiff suffered severe emotional distress from being treated inconsistent with his gender identity by employees and other detainees for the duration of his incarceration and being denied care for his serious medical needs. Plaintiff suffered severe emotional distress as a direct and proximate result of the conduct of Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; PrimeCare Medical, Inc.; and/or John Does and Jane Does # 1-10.

52.    Plaintiff requests punitive damages against Defendants, Montgomery County Correctional Facility; Montgomery County; PrimeCare Medical, Inc.; Sean P. McGee, the Warden of Montgomery County Correctional Facility, in his individual capacity; and/or John Does and Jane Does # 1-10, in their individual capacities, due to their deliberate, reckless, and callous indifference to Plaintiff's Federally protected Constitutional rights.

53.    Plaintiff seeks equitable/injunctive relief from Defendants, Montgomery County Correctional Facility; Montgomery County; and Sean P. McGee, the Warden of Montgomery County Correctional Facility, in his official capacity; including the adoption of a dorm option for transgender detainees to be housed according to their gender identity as opposed to their biological sex, the adoption of policies relating to the treatment of transgender detainees including with respect to the use of pronouns, salutations, showering, dressing, and

undergarments, for Defendants to be required to adopt and enforce appropriate policies on how to provide competent medical care to transgender individuals, for Defendants and their employees to be required to undergo LGBT sensitivity training, and/or any other and further relief that this Court determines to be just, proper, and equitable.

54.     Plaintiff seeks equitable/injunctive relief for Defendant, PrimeCare Medical, Inc., to be required to adopt and enforce appropriate policies on how to provide competent medical care to transgender individuals, for Defendants and their employees to be required to undergo LGBT sensitivity training, and/or any other and further relief that this Court determines to be just, proper, and equitable.

**WHEREFORE**, Plaintiff, John Doe, hereby requests judgment in his favor and against Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, PrimeCare Medical, Inc., and John Does and Jane Does # 1-10, in their individual capacities as employees and/or agents of Defendants, Montgomery County Correctional Facility and/or Montgomery County, individually, and/or jointly and severally, in an amount in excess of $150,000.00, including actual damages, nominal damages, compensatory damages for pain and suffering, embarrassment and humiliation, loss of enjoyment of life and life's pleasures, and emotional distress, punitive damages, reasonable attorneys' fees, costs of suit, expert fees, equitable/injunctive relief including the adoption of a dorm option for transgender detainees to be housed according to their gender identity as opposed to their biological sex, the adoption of policies relating to the treatment of transgender detainees including with respect to the use of pronouns, salutations, showering, dressing, and undergarments, for Defendants to be required to adopt and

enforce appropriate policies on how to provide competent medical care to transgender individuals, for Defendants and their employees to be required to undergo LGBT sensitivity training, and/or any other and further relief that this Court determines to be just, proper, and equitable.

**COUNT II:**
**42 U.S.C. § 1983 – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION – BASED ON SEX/GENDER**
**(PLAINTIFF, JOHN DOE v. DEFENDANTS, MONTGOMERY COUNTY CORRECTIONAL FACILITY; MONTGOMERY COUNTY; SEAN P. McGEE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS WARDEN OF MONTGOMERY COUNTY CORRECTIONAL FACILITY; PRIMECARE MEDICAL, INC.; AND JOHN DOES AND JANE DOES # 1-10, IN THEIR INDIVIDUAL CAPACITIES AS EMPLOYEES AND/OR AGENTS OF DEFENDANTS, MONTGOMERY COUNTY CORRECTIONAL FACILITY AND/OR MONTGOMERY COUNTY)**

55.     Plaintiff restates and realleges all previous paragraphs as though fully set forth here.

56.     At all times relevant hereto, Defendants, Montgomery County Correctional Facility, and Montgomery County, are alleged to have had a policy, practice, and/or custom of discrimination against transgender detainees.

57.     Plaintiff was incarcerated at Defendant, Montgomery County Correctional Facility, beginning on or about September 11, 2023 through on or about May 2024.

58.     At all times relevant hereto, Defendant, Montgomery County Correctional Facility, housed men and women in separate sex-segregated cell blocks of Montgomery County Correctional Facility.

59.     From the time Plaintiff arrived at Defendant, Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, assigned Plaintiff to a female cell block, which was not, from Plaintiff's

perspective, a cell block that was gender-appropriate for Plaintiff, and was not consistent with Plaintiff's internal sense of his gender identity.

60.    From the time Plaintiff arrived at Defendant, Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, classified Plaintiff's gender as female despite Plaintiff having, at the relevant time, two (2) separate identity documents including both a government-issued identification card and a passport which identified Plaintiff's gender as male. Plaintiff has identified his gender identity as male since his transition in or about 2010.

61.    Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, classified Plaintiff's gender as female and assigned Plaintiff to a female cell block despite multiple requests from Plaintiff during Plaintiff's incarceration to be treated as male consistent with Plaintiff's gender identity.

62.    Plaintiff recollects that shortly after Plaintiff arrived at Montgomery County Correctional Facility, Plaintiff met with a health care provider while in a holding cell of the jail. Plaintiff inquired about Plaintiff's assignment to the female cell block from the provider. Plaintiff recollects that the provider stated to Plaintiff, "You were born as a female, we will put you with females," or words to that effect. Although Plaintiff is unsure about the individual's identity, Plaintiff believes that the individual is named Susan, does not know the individual's last name, and recollects that the individual may have been a psychiatrist. Plaintiff understood the individual to be a provider employed by Montgomery County rather than

PrimeCare Medical, Inc.  The provider is identified as a Doe defendant in this action.  At all times relevant hereto, the provider is alleged to be an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting, at all times relevant hereto, within the course and scope of the provider's agency relationship with Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.

63.   Beginning shortly after Plaintiff's assignment to the female cell block of Montgomery County Correctional Facility, Plaintiff recollects that a correctional officer assigned to supervise Plaintiff's area, who Plaintiff believes to be named Correctional Officer Padilla, would misgender Plaintiff by referring to Plaintiff with "she" and "her" pronouns.  Plaintiff does not recollect the Correctional Officer's first name.  Plaintiff identifies his gender identity as male, and identifies with the preferred pronouns, "he" and "him."

64.   During Plaintiff's incarceration at Montgomery County Correctional Facility, Plaintiff was also referred to by the salutation, "Ms." or "Miss," followed by Plaintiff's last name, by the correctional officer Plaintiff believes to be named Correctional Officer Padilla.  Plaintiff identifies his gender identity as being male, prefers the salutation, "Mr.," and does not prefer the salutation, "Ms." or "Miss."

65.   Plaintiff recollects that the misgendering by Correctional Officer Padilla consisting of the incorrect pronouns, "she" and "her," and the incorrect salutation, "Ms." or "Miss," occurred after Plaintiff requested to be transferred to a male cell block following Plaintiff's arrival at Defendant, Montgomery County Correctional Facility.  Plaintiff also recollects that he objected to each of the times Correctional Officer Padilla misgendered Plaintiff in the

presence of Correctional Officer Padilla.  Correctional Officer Padilla did not correct the use of incorrect pronouns and salutation when referring to Plaintiff even after Plaintiff objected to the same.

66.    Plaintiff also recollects that the health care provider Plaintiff believes is named Susan, whose last name Plaintiff does not recollect, and who Plaintiff believes to be a psychiatrist—the same individual who stated to Plaintiff, "You were born as a female, we will put you with females," or words to that effect, following Plaintiff's arrival at the jail—made several visits to Plaintiff's cell during Plaintiff's incarceration.  Plaintiff recollects that the provider would refer to Plaintiff with the incorrect salutation, "Ms." or "Miss," instead of Plaintiff's preferred salutation, "Mr."   Plaintiff understood the individual to be a provider employed by Montgomery County rather than PrimeCare Medical, Inc.  The provider is identified as a Doe defendant in this action.  At all times relevant hereto, the provider is alleged to be an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting, at all times relevant hereto, within the course and scope of the provider's relationship with Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.

67.    In addition, Correctional Officer Geist, who also was assigned to supervise Plaintiff during Plaintiff's incarceration with Defendant, Montgomery County Correctional Facility, also referred to Plaintiff by the incorrect pronouns "she" and "her."   It is believed that Correctional Officer Geist was, at all times relevant hereto, an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting within the course and scope of Correctional Officer Geist's agency

relationship with the jail.

68.    During Plaintiff's incarceration at Montgomery County Correctional Facility, as a result of

being assigned to a cell block that was not consistent with Plaintiff's gender identity, Plaintiff

was subjected to harassment by the other detainees.  Plaintiff was misgendered with incorrect

pronouns by the other detainees during Plaintiff's incarceration.  The other detainees would

also taunt Plaintiff stating that Plaintiff did not belong on their cell block since he was a man,

or words to that effect.  Plaintiff recollects that on another occasion a detainee stated that

they were going to sue the jail because Plaintiff was not supposed to be there, or words to

that effect.  Plaintiff recollects that two (2) other detainees in particular would walk over to

Plaintiff's cell in order to stare in at him.  On one (1) such occasion, after Plaintiff asked to

be left alone, the other detainee laughed at Plaintiff.

69.    On another occasion, in or about February 14, 2024, a female detainee attacked the Plaintiff.

The detainee had previously made a comment to Plaintiff that Plaintiff "ain't supposed to be

here," or words to that effect.  The detainee scratched and left visible marks on the back of

Plaintiff's neck and upper back.  Plaintiff had not done anything to prompt the assault.

70.    When Plaintiff attempted to complain about the assault to a Correctional Officer employed

by Defendant, Montgomery County Correctional Facility and/or Montgomery County,

Plaintiff recollects that the Correctional Officer with whom Plaintiff was speaking appeared

to disregard Plaintiff's concerns.  Plaintiff recollects that the Correctional Officer questioned

whether Plaintiff had "the nerve" to say that the inmate, who is female, had attacked him.

71.    It is acknowledged that Plaintiff elected administrative segregation for the majority of

Plaintiff's incarceration at Montgomery County Correctional Facility and acknowledges that

this was as a result of the mistreatment Plaintiff received from the employees and detainees, and the fact that he was being assigned to a female dorm.

72.    On one (1) occasion, Plaintiff recollects when he arrived at Montgomery County Correctional Facility, Plaintiff was required to change clothes and into a jumper before being placed into a holding cell.  Plaintiff recollects several Correctional Officers were present. One (1) of the Correctional Officers who was present mocked Plaintiff by stating loudly, "Here she is!", when Plaintiff was walked in.  When Plaintiff expressed discomfort with changing his clothes in front of the officers, another officer stated that if Plaintiff did not remove his clothes right then, that the officer would cut the Plaintiff's clothes off of him, or words to that effect.

73.    On another occasion during Plaintiff's incarceration at Montgomery County Correctional Facility, Plaintiff was required to change clothes while being supervised by female correctional officers despite Plaintiff's objection to the same.  The correctional officers are believed and averred to be employees or agents of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.  Plaintiff objected to changing clothes in front of female correctional officers to no avail on that occasion.  Plaintiff objected on that occasion because Plaintiff identified as a transgender man.  However, female correctional officers continued to supervise Plaintiff while he changed clothes on that occasion.

74.    During the time period of Plaintiff's incarceration at Defendant, Montgomery County Correctional Facility, because Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional

Facility; and/or John Does and Jane Does # 1-10, assigned Plaintiff to a female cell block, the only option for Plaintiff to shower was to shower together with women from the general population of Plaintiff's cell block. After Plaintiff requested and was denied a transfer to a male cell block, Plaintiff elected on approximately a daily basis, or every other day, to bathe using the sink in his individual cell rather than shower with women.

75. During Plaintiff's incarceration at Montgomery County Correctional Facility, the other detainees would make offensive comments about Plaintiff not taking a shower. Plaintiff did not do so because Plaintiff is a transgender man and he did not feel comfortable showering in the presence of cisgender women. Plaintiff felt the need to defend himself and state that he did wash up every day in his cell.

76. During Plaintiff's incarceration at Montgomery County Correctional Facility, to the best of Plaintiff's recollection, in or about April or May 2024, approximately a few weeks before Plaintiff was transferred out of Montgomery County Correctional Facility, a Correctional Officer who Plaintiff believed to be Correctional Officer Geist, threatened Plaintiff with, "I'll drag you into that god-damned shower," or words to that effect. Plaintiff elected instead to bathe using the sink in his individual cell because Plaintiff did not feel comfortable showering in the presence of cisgender women.

77. During Plaintiff's incarceration at Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility, Montgomery County, and John Does and Jane Does # 1-10, provided Plaintiff with what Plaintiff believed were undergarments that were not provided to male inmates, but were provided to female inmates. Plaintiff was specifically provided women's underwear which were undergarments that were

not consistent with Plaintiff's gender identity. Plaintiff was provided women's underwear approximately twice to Plaintiff's recollection during Plaintiff's incarceration with Defendant, Montgomery County Correctional Facility, and Defendant, Montgomery County. It is believed and therefore averred that cisgender women housed in the female cell blocks of Defendant, Montgomery County Correctional Facility, are provided women's underwear by the jail that do not have to be purchased through the Commissary.

78.    Plaintiff recollects an occasion during his incarceration at Montgomery County Correctional Facility, during a period of time beginning in or around November 2023, and, Plaintiff recollects, for a few weeks thereafter, it is believed and therefore averred that Plaintiff was denied the use of barber services from the barber shop located on the premises of Montgomery County Correctional Facility. Plaintiff made a request of a correctional officer to use the barber shop which was denied by the officer at that time. It is alleged that Defendants, Montgomery County Correctional Facility, Montgomery County, and John Does and Jane Does # 1-10 denied Plaintiff the use of the barber shop on that occasion. It is believed and therefore averred that barber services were made available to other inmates of the jail at or around that time. It is acknowledged when Plaintiff subsequently requested the use of barber services from a different correctional officer that the other officer approved the request at that time.

79.    Plaintiff recollects submitting multiple formal, written grievances to Defendants, Montgomery County Correctional Facility, Montgomery County, and, it is believed, Defendant, Sean P. McGee, the Warden of Montgomery County Correctional Facility, regarding being mistreated on account of Plaintiff's gender identity, throughout Plaintiff's

incarceration.  Plaintiff recollects on each occasion placing the grievance in a specific box designated for grievances by the jail.  Plaintiff recalls one (1) such grievance was submitted in or around December 2023 to the best of Plaintiff's recollection.  At no time were Plaintiff's grievances with respect to Plaintiff's assignment in the female cell block addressed by the Defendants, and at no time was Plaintiff prescribed hormone replacement therapy by the Defendants consistent with his grievance submitted regarding the same.

80.    During Plaintiff's incarceration at Montgomery County Correctional Facility, health care providers acting within the course and scope of their agency relationship with, it is believed and therefore averred, Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, the Warden of Montgomery County Correctional Facility, and PrimeCare Medical, Inc., denied Plaintiff gender affirming medical care in the form of hormone replacement therapy or "HRT."  Hormone replacement therapy was denied for the entire duration of Plaintiff's incarceration at Montgomery County Correctional Facility.

81.    It should be noted that upon Plaintiff's eventual transfer from Montgomery County Correctional Facility to a jail located in California, in or around May 2024, Plaintiff remained in jail for approximately two (2) days until he was released, and within that timeframe Plaintiff was prescribed hormone replacement therapy within a matter of, Plaintiff recollects, approximately one (1) or two (2) days following his transfer from Montgomery County Correctional Facility to California.

82.    It should be further noted that upon Plaintiff's eventual transfer from Montgomery County Correctional Facility to the jail located in California, that in California Plaintiff was placed on a male cell block.

83. At all times relevant hereto, Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, are alleged to have had a policy, practice, and/or custom of making custodial housing assignments on the basis of the detainee's sex identified at birth, rather than their internal sense of their gender identity, for purposes of placement in Defendants' correctional institution.

84. Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, are further alleged to have had a policy, practice, and/or custom of not treating transgender detainees consistent with their gender identity.

85. Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, are alleged to treat transgender men differently from cisgender men which means Defendants, Montgomery County Correctional Facility, and Montgomery County, treat individuals differently on the basis of sex.

86. It is alleged that Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, PrimeCare Medical, Inc., and John Does and Jane Does # 1-10, in their individual capacities as employees and/or agents of Defendants, Montgomery County Correctional Facility, Montgomery County, and/or PrimeCare Medical, Inc., discriminated against Plaintiff on the basis of Plaintiff's sex at all relevant times during Plaintiff's incarceration.

87.   Heightened or intermediate scrutiny applies to discrimination on the basis of sex. Transgender discrimination is discrimination on the basis of sex.

88.   Plaintiff also alleges that Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, PrimeCare Medical, Inc., and John Does and Jane Does # 1-10, in their individual capacities as employees and/or agents of Defendants, Montgomery County Correctional Facility, Montgomery County, and/or PrimeCare Medical, Inc., had a custom of inaction to Plaintiffs complaints of discrimination based on sex.

89.   It is alleged that Defendant, PrimeCare Medical, Inc., at all times relevant hereto, had a policy, practice, or custom of not providing transgender detainees with access to medically necessary gender affirming care, such as hormone replacement therapy ("HRT"), while the individuals are incarcerated, because of a policy, practice, or custom, unwritten or not, of treating gender affirming care and treatment as if it were cosmetic, rather than medically necessary, in order to deny providing the medical care.  Plaintiff alleges that an HRT ban in a jail is unconstitutional.   Plaintiff also alleges that Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, operated the above policy, practice, and custom, in addition to Defendant, PrimeCare Medical, Inc.  Plaintiff also alleges a custom of inaction to Plaintiff's grievances regarding being prescribed HRT during his incarceration.

90.   It is alleged that Defendant, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, at all times relevant hereto, had final

decision-making authority with respect to where a detainee is confined at Montgomery County Correctional Facility.  It is alleged that Defendant, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, had final decision-making authority over assigning Plaintiff to a female cell block despite Plaintiff's gender identity being male.

91.    Defendants, Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, directly and proximately caused Plaintiff harm.  Plaintiff suffered severe emotional distress from being treated inconsistent with his gender identity by employees and other detainees for the duration of his incarceration and being denied care for his serious medical needs.  Plaintiff suffered severe emotional distress as a direct and proximate result of the conduct of Defendants, Montgomery County Correctional Facility; Montgomery County; PrimeCare Medical, Inc.; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10.

92.    Plaintiff requests punitive damages against Defendants, Montgomery County Correctional Facility; Montgomery County; PrimeCare Medical, Inc.; Sean P. McGee, the Warden of Montgomery County Correctional Facility, in his individual capacity; and/or John Does and Jane Does # 1-10, in their individual capacities, due to their deliberate, reckless, and callous indifference to Plaintiff's Federally protected Constitutional rights.

93.    Plaintiff seeks equitable/injunctive relief from Defendants, Montgomery County Correctional Facility; Montgomery County; and Sean P. McGee, the Warden of Montgomery County

Correctional Facility, in his official capacity; including the adoption of a dorm option for transgender detainees to be housed according to their gender identity as opposed to their biological sex, the adoption of policies relating to the treatment of transgender detainees including with respect to the use of pronouns, salutations, showering, dressing, and undergarments, for Defendants to be required to adopt and enforce appropriate policies on how to provide competent medical care to transgender individuals, for Defendants and their employees to be required to undergo LGBT sensitivity training, and/or any other and further relief that this Court determines to be just, proper, and equitable.

94.  Plaintiff seeks equitable/injunctive relief for Defendant, PrimeCare Medical, Inc., to be required to adopt and enforce appropriate policies on how to provide competent medical care to transgender individuals, for Defendants and their employees to be required to undergo LGBT sensitivity training, and/or any other and further relief that this Court determines to be just, proper, and equitable.

**WHEREFORE**, Plaintiff, John Doe, hereby requests judgment in his favor and against Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, PrimeCare Medical, Inc., and John Does and Jane Does # 1-10, in their individual capacities as employees and/or agents of Defendants, Montgomery County Correctional Facility and/or Montgomery County, individually, and/or jointly and severally, in an amount in excess of $150,000.00, including actual damages, nominal damages, compensatory damages for pain and suffering, embarrassment and humiliation, loss of enjoyment of life and life's pleasures, and emotional distress, punitive damages, reasonable attorneys' fees, costs of suit, expert fees,

equitable/injunctive relief including the adoption of a dorm option for transgender detainees to be

housed according to their gender identity as opposed to their biological sex, the adoption of policies

relating to the treatment of transgender detainees including with respect to the use of pronouns,

salutations, showering, dressing, and undergarments, for Defendants to be required to adopt and

enforce appropriate policies on how to provide competent medical care to transgender individuals,

for Defendants and their employees to be required to undergo LGBT sensitivity training, and/or any

other and further relief that this Court determines to be just, proper, and equitable.

**COUNT III:**
**42 U.S.C. § 1983 – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION – BASED ON DISABILITY (GENDER DYSPHORIA) (PLAINTIFF, JOHN DOE v. DEFENDANTS, MONTGOMERY COUNTY CORRECTIONAL FACILITY; MONTGOMERY COUNTY; SEAN P. McGEE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS WARDEN OF MONTGOMERY COUNTY CORRECTIONAL FACILITY; PRIMECARE MEDICAL, INC.; AND JOHN DOES AND JANE DOES # 1-10, IN THEIR INDIVIDUAL CAPACITIES AS EMPLOYEES AND/OR AGENTS OF DEFENDANTS, MONTGOMERY COUNTY CORRECTIONAL FACILITY AND/OR MONTGOMERY COUNTY)**

95.    Plaintiff restates and realleges all previous paragraphs as though fully set forth here.

96.    At all times relevant hereto, it is alleged that Plaintiff suffered from gender dysphoria or

"GD."  Gender dysphoria is a medical and therapeutic diagnosis "associated with clinically

significant distress or impairment in social, occupational, or other important areas of

functioning" for a person who is transgender.  *See Diagnostic and Statistical Manual of*

*Mental Disorders*, 5th Ed. ("DSM-V" at 302.85); *see also* Coleman, E., *et al*., Standards of

Care for the Health of Transgender and Gender Diverse People, Version 8, *International*

*Journal of Transgender Health*, 23(S1), S1-S260 (2022).  The substantial limitation on

Plaintiff's interaction with others is characterized on a regular basis by severe problems in

primarily social and occupational functioning.

97.     At all times relevant hereto, Defendants, Montgomery County Correctional Facility, and Montgomery County, are alleged to have had a policy, practice, and/or custom of discrimination against transgender detainees on the basis of disability, gender dysphoria, or "GD."

98.     Gender dysphoria is a medical and therapeutic diagnosis associated with clinically significant distress or impairment in social, occupational, or other important areas of functioning for the transgender person. Transgender people are diagnosed as suffering from GD when they have clinically significant distress associated with being transgender. GD is a disability in that it substantially impairs one or more major life activities, including, but not limited to, neurological, brain, social, or occupational functioning.

99.     It is alleged gender dysphoria results from a physical impairment. Plaintiff's dysphoria results from a physical impairment. It is alleged Plaintiff's dysphoria substantially limited Plaintiff in neurological or brain functioning.

100.    At all times relevant hereto, Plaintiff's gender dysphoria substantially limited Plaintiff in the major life activities of social and occupational functioning.

101.    Plaintiff was incarcerated at Defendant, Montgomery County Correctional Facility, beginning on or about September 11, 2023 through on or about May 2024.

102.    At all times relevant hereto, Defendant, Montgomery County Correctional Facility, housed men and women in separate sex-segregated cell blocks of Montgomery County Correctional Facility.

103.    From the time Plaintiff arrived at Defendant, Montgomery County Correctional Facility, the

Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, assigned Plaintiff to a female cell block, which was not, from Plaintiff's perspective, a cell block that was gender-appropriate for Plaintiff, and was not consistent with Plaintiff's internal sense of his gender identity.

104.    From the time Plaintiff arrived at Defendant, Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, classified Plaintiff's gender as female despite Plaintiff having, at the relevant time, two (2) separate identity documents including both a government-issued identification card and a passport which identified Plaintiff's gender as male. Plaintiff has identified his gender identity as male since his transition in or about 2010.

105.    Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, classified Plaintiff's gender as female and assigned Plaintiff to a female cell block despite multiple requests from Plaintiff during Plaintiff's incarceration to be treated as male consistent with Plaintiff's gender identity.

106.    Plaintiff recollects that shortly after Plaintiff arrived at Montgomery County Correctional Facility, Plaintiff met with a health care provider while in a holding cell of the jail. Plaintiff inquired about Plaintiff's assignment to the female cell block from the provider. Plaintiff recollects that the provider stated to Plaintiff, "You were born as a female, we will put you with females," or words to that effect. Although Plaintiff is unsure about the individual's

identity, Plaintiff believes that the individual is named Susan, does not know the individual's last name, and recollects that the individual may have been a psychiatrist. Plaintiff understood the individual to be a provider employed by Montgomery County rather than PrimeCare Medical, Inc. The provider is identified as a Doe defendant in this action. At all times relevant hereto, the provider is alleged to be an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting, at all times relevant hereto, within the course and scope of the provider's agency relationship with Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.

107.    Beginning shortly after Plaintiff's assignment to the female cell block of Montgomery County Correctional Facility, Plaintiff recollects that a correctional officer assigned to supervise Plaintiff's area, who Plaintiff believes to be named Correctional Officer Padilla, would misgender Plaintiff by referring to Plaintiff with "she" and "her" pronouns. Plaintiff does not recollect the Correctional Officer's first name. Plaintiff identifies his gender identity as male, and identifies with the preferred pronouns, "he" and "him."

108.    During Plaintiff's incarceration at Montgomery County Correctional Facility, Plaintiff was also referred to by the salutation, "Ms." or "Miss," followed by Plaintiff's last name, by the correctional officer Plaintiff believes to be named Correctional Officer Padilla. Plaintiff identifies his gender identity as being male, prefers the salutation, "Mr.," and does not prefer the salutation, "Ms." or "Miss."

109.    Plaintiff recollects that the misgendering by Correctional Officer Padilla consisting of the incorrect pronouns, "she and her," and the incorrect salutation, "Ms." or "Miss," occurred

after Plaintiff requested to be transferred to a male cell block following Plaintiff's arrival at Defendant, Montgomery County Correctional Facility.  Plaintiff also recollects that he objected to each of the times Correctional Officer Padilla misgendered Plaintiff in the presence of Correctional Officer Padilla.  Correctional Officer Padilla did not correct the use of incorrect pronouns and salutation when referring to Plaintiff even after Plaintiff objected to the same.

110.    Plaintiff also recollects that the health care provider Plaintiff believes is named Susan, whose last name Plaintiff does not recollect, and who Plaintiff believes to be a psychiatrist—the same individual who stated to Plaintiff, "You were born as a female, we will put you with females," or words to that effect, following Plaintiff's arrival at the jail—made several visits to Plaintiff's cell during Plaintiff's incarceration.  Plaintiff recollects that the provider would refer to Plaintiff with the incorrect salutation, "Ms." or "Miss," instead of Plaintiff's preferred salutation, "Mr."  Plaintiff understood the individual to be a provider employed by Montgomery County rather than PrimeCare Medical, Inc.  The provider is identified as a Doe defendant in this action.  At all times relevant hereto, the provider is alleged to be an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting, at all times relevant hereto, within the course and scope of the provider's relationship with Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.

111.    In addition, Correctional Officer Geist, who also was assigned to supervise Plaintiff during Plaintiff's incarceration with Defendant, Montgomery County Correctional Facility, also referred to Plaintiff by the incorrect pronouns "she" and "her."  It is believed that

Correctional Officer Geist was, at all times relevant hereto, an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting within the course and scope of Correctional Officer Geist's agency relationship with the jail.

112.    During Plaintiff's incarceration at Montgomery County Correctional Facility, as a result of being assigned to a cell block that was not consistent with Plaintiff's gender identity, Plaintiff was subjected to harassment by the other detainees. Plaintiff was misgendered with incorrect pronouns by the other detainees during Plaintiff's incarceration. The other detainees would also taunt Plaintiff stating that Plaintiff did not belong on their cell block since he was a man, or words to that effect. Plaintiff recollects that on another occasion a detainee stated that they were going to sue the jail because Plaintiff was not supposed to be there, or words to that effect. Plaintiff recollects that two (2) other detainees in particular would walk over to Plaintiff's cell in order to stare in at him. On one (1) such occasion, after Plaintiff asked to be left alone, the other detainee laughed at Plaintiff.

113.    On another occasion, in or about February 14, 2024, a female detainee attacked the Plaintiff. The detainee had previously made a comment to Plaintiff that Plaintiff "ain't supposed to be here," or words to that effect. The detainee scratched and left visible marks on the back of Plaintiff's neck and upper back. Plaintiff had not done anything to prompt the assault.

114.    When Plaintiff attempted to complain about the assault to a Correctional Officer employed by Defendant, Montgomery County Correctional Facility and/or Montgomery County, Plaintiff recollects that the Correctional Officer with whom Plaintiff was speaking appeared to disregard Plaintiff's concerns. Plaintiff recollects that the Correctional Officer questioned

whether Plaintiff had "the nerve" to say that the inmate, who is female, had attacked him.

115.    On one (1) occasion, Plaintiff recollects when he arrived at Montgomery County Correctional Facility, Plaintiff was required to change clothes and into a jumper before being placed into a holding cell. Plaintiff recollects several Correctional Officers were present. One (1) of the Correctional Officers who was present mocked Plaintiff by stating loudly, "Here she is!", when Plaintiff was walked in. When Plaintiff expressed discomfort with changing his clothes in front of the officers, another officer stated that if Plaintiff did not remove his clothes right then, that the officer would cut the Plaintiff's clothes off of him, or words to that effect.

116.    On another occasion during Plaintiff's incarceration at Montgomery County Correctional Facility, Plaintiff was required to change clothes while being supervised by female correctional officers despite Plaintiff's objection to the same. The correctional officers are believed and averred to be employees or agents of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County. Plaintiff objected to changing clothes in front of female correctional officers to no avail on that occasion. Plaintiff objected on that occasion because Plaintiff identified as a transgender man. However, female correctional officers continued to supervise Plaintiff while he changed clothes on that occasion.

117.    During the time period of Plaintiff's incarceration at Defendant, Montgomery County Correctional Facility, because Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, assigned Plaintiff to a female cell block,

the only option for Plaintiff to shower was to shower together with women from the general population of Plaintiff's cell block. After Plaintiff requested and was denied a transfer to a male cell block, Plaintiff elected on approximately a daily basis, or every other day, to bathe using the sink in his individual cell rather than shower with women.

118. During Plaintiff's incarceration at Montgomery County Correctional Facility, the other detainees would make offensive comments about Plaintiff not taking a shower. Plaintiff did not do so because Plaintiff is a transgender man and he did not feel comfortable showering in the presence of cisgender women. Plaintiff felt the need to defend himself and state that he did wash up every day in his cell.

119. During Plaintiff's incarceration at Montgomery County Correctional Facility, to the best of Plaintiff's recollection, in or about April or May 2024, approximately a few weeks before Plaintiff was transferred out of Montgomery County Correctional Facility, a Correctional Officer who Plaintiff believed to be Correctional Officer Geist, threatened Plaintiff with, "I'll drag you into that god-damned shower," or words to that effect. Plaintiff elected instead to bathe using the sink in his individual cell because Plaintiff did not feel comfortable showering in the presence of cisgender women.

120. During Plaintiff's incarceration at Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility, Montgomery County, and John Does and Jane Does # 1-10, provided Plaintiff with what Plaintiff believed were undergarments that were not provided to male inmates, but were provided to female inmates. Plaintiff was specifically provided women's underwear which were undergarments that were not consistent with Plaintiff's gender identity. Plaintiff was provided women's underwear

approximately twice to Plaintiff's recollection during Plaintiff's incarceration with Defendant, Montgomery County Correctional Facility, and Defendant, Montgomery County. It is believed and therefore averred that cisgender women housed in the female cell blocks of Defendant, Montgomery County Correctional Facility, are provided women's underwear by the jail that do not have to be purchased through the Commissary.

121. Plaintiff recollects an occasion during his incarceration at Montgomery County Correctional Facility, during a period of time beginning in or around November 2023, and, Plaintiff recollects, for a few weeks thereafter, it is believed and therefore averred that Plaintiff was denied the use of barber services from the barber shop located on the premises of Montgomery County Correctional Facility. Plaintiff made a request of a correctional officer to use the barber shop which was denied by the officer at that time. It is alleged that Defendants, Montgomery County Correctional Facility, Montgomery County, and John Does and Jane Does # 1-10 denied Plaintiff the use of the barber shop on that occasion. It is believed and therefore averred that barber services were made available to other inmates of the jail at or around that time. It is acknowledged when Plaintiff subsequently requested the use of barber services from a different correctional officer that the other officer approved the request at that time.

122. Plaintiff recollects submitting multiple formal, written grievances to Defendants, Montgomery County Correctional Facility, Montgomery County, and, it is believed, Defendant, Sean P. McGee, the Warden of Montgomery County Correctional Facility, regarding being mistreated on account of Plaintiff's gender identity, throughout Plaintiff's incarceration. Plaintiff recollects on each occasion placing the grievance in a specific box

designated for grievances by the jail.  Plaintiff recalls one (1) such grievance was submitted in or around December 2023 to the best of Plaintiff's recollection.  At no time were Plaintiff's grievances with respect to Plaintiff's assignment in the female cell block addressed by the Defendants, and at no time was Plaintiff prescribed hormone replacement therapy by the Defendants consistent with his grievance submitted regarding the same.

123.    During Plaintiff's incarceration at Montgomery County Correctional Facility, health care providers acting within the course and scope of their agency relationship with, it is believed and therefore averred, Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, the Warden of Montgomery County Correctional Facility, and PrimeCare Medical, Inc., denied Plaintiff gender affirming medical care in the form of hormone replacement therapy or "HRT."  Hormone replacement therapy was denied for the entire duration of Plaintiff's incarceration at Montgomery County Correctional Facility.

124.    It should be noted that upon Plaintiff's eventual transfer from Montgomery County Correctional Facility to a jail located in California, in or around May 2024, Plaintiff remained in jail for approximately two (2) days until he was released, and within that timeframe Plaintiff was prescribed hormone replacement therapy within a matter of, Plaintiff recollects, approximately one (1) or two (2) days following his transfer from Montgomery County Correctional Facility to California.

125.    It should be further noted that upon Plaintiff's eventual transfer from Montgomery County Correctional Facility to the jail located in California, that in California Plaintiff was placed on a male cell block.

126.    Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P.

McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, are alleged to have a policy, practice, and custom of discrimination based on disability against Plaintiff and against other detainees who suffer from gender dysphoria.

127.  It is alleged that Defendant, PrimeCare Medical, Inc., at all times relevant hereto, had a policy, practice, or custom of not providing transgender detainees with access to medically necessary gender affirming care, such as hormone replacement therapy ("HRT"), while the individuals are incarcerated, because of a policy, practice, or custom, unwritten or not, of treating gender affirming care and treatment as if it were cosmetic, rather than medically necessary, in order to deny providing the medical care.  Plaintiff alleges that an HRT ban in a jail is unconstitutional.   Plaintiff also alleges that Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, operated the above policy, practice, and custom, in addition to Defendant, PrimeCare Medical, Inc.  Plaintiff also alleges a custom of inaction to Plaintiff's grievances regarding being prescribed HRT during his incarceration.  Plaintiff alleges that Defendants' conduct discriminates against individuals who suffer from gender dysphoria, and constituted discrimination against Plaintiff on that basis.

128.  It is alleged that Defendant, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, at all times relevant hereto, had final decision-making authority with respect to where a detainee is confined at Montgomery County Correctional Facility.  It is alleged that Defendant, Sean P. McGee, individually and

in his official capacity as Warden of Montgomery County Correctional Facility, had final decision-making authority over assigning Plaintiff to a female cell block despite Plaintiff's gender identity being male.

129.   Defendants, Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, directly and proximately caused Plaintiff harm.  Plaintiff suffered severe emotional distress from being treated inconsistent with his gender identity by employees and other detainees for the duration of his incarceration and being denied care for his serious medical needs.  Plaintiff suffered severe emotional distress as a direct and proximate result of the conduct of Defendants, Montgomery County Correctional Facility; Montgomery County; PrimeCare Medical, Inc.; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10.

130.   Plaintiff requests punitive damages against Defendants, Montgomery County Correctional Facility; Montgomery County; PrimeCare Medical, Inc.; Sean P. McGee, the Warden of Montgomery County Correctional Facility, in his individual capacity; and/or John Does and Jane Does # 1-10, in their individual capacities, due to their deliberate, reckless, and callous indifference to Plaintiff's Federally protected Constitutional rights.

131.   Plaintiff seeks equitable/injunctive relief from Defendants, Montgomery County Correctional Facility; Montgomery County; and Sean P. McGee, the Warden of Montgomery County Correctional Facility, in his official capacity; including the adoption of a dorm option for transgender detainees to be housed according to their gender identity as opposed to their

biological sex, the adoption of policies relating to the treatment of transgender detainees including with respect to the use of pronouns, salutations, showering, dressing, and undergarments, for Defendants to be required to adopt and enforce appropriate policies on how to provide competent medical care to transgender individuals, for Defendants and their employees to be required to undergo LGBT sensitivity training, and/or any other and further relief that this Court determines to be just, proper, and equitable.

132.    Plaintiff seeks equitable/injunctive relief for Defendant, PrimeCare Medical, Inc., to be required to adopt and enforce appropriate policies on how to provide competent medical care to transgender individuals, for Defendants and their employees to be required to undergo LGBT sensitivity training, and/or any other and further relief that this Court determines to be just, proper, and equitable.

**WHEREFORE**, Plaintiff, John Doe, hereby requests judgment in his favor and against Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, PrimeCare Medical, Inc., and John Does and Jane Does # 1-10, in their individual capacities as employees and/or agents of Defendants, Montgomery County Correctional Facility and/or Montgomery County, individually, and/or jointly and severally, in an amount in excess of $150,000.00, including actual damages, nominal damages, compensatory damages for pain and suffering, embarrassment and humiliation, loss of enjoyment of life and life's pleasures, and emotional distress, punitive damages, reasonable attorneys' fees, costs of suit, expert fees, equitable/injunctive relief including the adoption of a dorm option for transgender detainees to be housed according to their gender identity as opposed to their biological sex, the adoption of policies

relating to the treatment of transgender detainees including with respect to the use of pronouns, salutations, showering, dressing, and undergarments, for Defendants to be required to adopt and enforce appropriate policies on how to provide competent medical care to transgender individuals, for Defendants and their employees to be required to undergo LGBT sensitivity training, and/or any other and further relief that this Court determines to be just, proper, and equitable.

**COUNT IV:**
**42 U.S.C. § 1983 – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (PLAINTIFF, JOHN DOE v. DEFENDANTS, MONTGOMERY COUNTY CORRECTIONAL FACILITY; MONTGOMERY COUNTY; SEAN P. McGEE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS WARDEN OF MONTGOMERY COUNTY CORRECTIONAL FACILITY; AND JOHN DOES AND JANE DOES # 1-10, IN THEIR INDIVIDUAL CAPACITIES AS EMPLOYEES AND/OR AGENTS OF DEFENDANTS, MONTGOMERY COUNTY CORRECTIONAL FACILITY AND/OR MONTGOMERY COUNTY)**

133. Plaintiff restates and realleges all previous paragraphs as though fully set forth here.

134. Plaintiff was incarcerated at Defendant, Montgomery County Correctional Facility, beginning on or about September 11, 2023 through on or about May 2024.

135. At all times relevant hereto, Defendant, Montgomery County Correctional Facility, housed men and women in separate sex-segregated cell blocks of Montgomery County Correctional Facility.

136. From the time Plaintiff arrived at Defendant, Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, assigned Plaintiff to a female cell block, which was not, from Plaintiff's perspective, a cell block that was gender-appropriate for Plaintiff, and was not consistent with Plaintiff's internal sense of his gender identity.

137.    From the time Plaintiff arrived at Defendant, Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, classified Plaintiff's gender as female despite Plaintiff having, at the relevant time, two (2) separate identity documents including both a government-issued identification card and a passport which identified Plaintiff's gender as male. Plaintiff has identified his gender identity as male since his transition in or about 2010.

138.    Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, classified Plaintiff's gender as female and assigned Plaintiff to a female cell block despite multiple requests from Plaintiff during Plaintiff's incarceration to be treated as male consistent with Plaintiff's gender identity.

139.    Plaintiff recollects that shortly after Plaintiff arrived at Montgomery County Correctional Facility, Plaintiff met with a health care provider while in a holding cell of the jail. Plaintiff inquired about Plaintiff's assignment to the female cell block from the provider. Plaintiff recollects that the provider stated to Plaintiff, "You were born as a female, we will put you with females," or words to that effect. Although Plaintiff is unsure about the individual's identity, Plaintiff believes that the individual is named Susan, does not know the individual's last name, and recollects that the individual may have been a psychiatrist. Plaintiff understood the individual to be a provider employed by Montgomery County rather than PrimeCare Medical, Inc. The provider is identified as a Doe defendant in this action. At all times relevant hereto, the provider is alleged to be an employee or agent of Defendant,

Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting, at all times relevant hereto, within the course and scope of the provider's agency relationship with Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.

140. Beginning shortly after Plaintiff's assignment to the female cell block of Montgomery County Correctional Facility, Plaintiff recollects that a correctional officer assigned to supervise Plaintiff's area, who Plaintiff believes to be named Correctional Officer Padilla, would misgender Plaintiff by referring to Plaintiff with "she" and "her" pronouns. Plaintiff does not recollect the Correctional Officer's first name. Plaintiff identifies his gender identity as male, and identifies with the preferred pronouns, "he" and "him."

141. During Plaintiff's incarceration at Montgomery County Correctional Facility, Plaintiff was also referred to by the salutation, "Ms." or "Miss," followed by Plaintiff's last name, by the correctional officer Plaintiff believes to be named Correctional Officer Padilla. Plaintiff identifies his gender identity as being male, prefers the salutation, "Mr.," and does not prefer the salutation, "Ms." or "Miss."

142. Plaintiff recollects that the misgendering by Correctional Officer Padilla consisting of the incorrect pronouns, "she" and "her," and the incorrect salutation, "Ms." or "Miss," occurred after Plaintiff requested to be transferred to a male cell block following Plaintiff's arrival at Defendant, Montgomery County Correctional Facility. Plaintiff also recollects that he objected to each of the times Correctional Officer Padilla misgendered Plaintiff in the presence of Correctional Officer Padilla. Correctional Officer Padilla did not correct the use of incorrect pronouns and salutation when referring to Plaintiff even after Plaintiff objected

to the same.

143.    Plaintiff also recollects that the health care provider Plaintiff believes is named Susan, whose last name Plaintiff does not recollect, and who Plaintiff believes to be a psychiatrist—the same individual who stated to Plaintiff, "You were born as a female, we will put you with females," or words to that effect, following Plaintiff's arrival at the jail—made several visits to Plaintiff's cell during Plaintiff's incarceration.  Plaintiff recollects that the provider would refer to Plaintiff with the incorrect salutation, "Ms." or "Miss," instead of Plaintiff's preferred salutation, "Mr."    Plaintiff understood the individual to be a provider employed by Montgomery County rather than PrimeCare Medical, Inc.  The provider is identified as a Doe defendant in this action.  At all times relevant hereto, the provider is alleged to be an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting, at all times relevant hereto, within the course and scope of the provider's relationship with Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.

144.    In addition, Correctional Officer Geist, who also was assigned to supervise Plaintiff during Plaintiff's incarceration with Defendant, Montgomery County Correctional Facility, also referred to Plaintiff by the incorrect pronouns "she" and "her."    It is believed that Correctional Officer Geist was, at all times relevant hereto, an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting within the course and scope of Correctional Officer Geist's agency relationship with the jail.

145.    During Plaintiff's incarceration at Montgomery County Correctional Facility, as a result of

being assigned to a cell block that was not consistent with Plaintiff's gender identity, Plaintiff was subjected to harassment by the other detainees. Plaintiff was misgendered with incorrect pronouns by the other detainees during Plaintiff's incarceration. The other detainees would also taunt Plaintiff stating that Plaintiff did not belong on their cell block since he was a man, or words to that effect. Plaintiff recollects that on another occasion a detainee stated that they were going to sue the jail because Plaintiff was not supposed to be there, or words to that effect. Plaintiff recollects that two (2) other detainees in particular would walk over to Plaintiff's cell in order to stare in at him. On one (1) such occasion, after Plaintiff asked to be left alone, the other detainee laughed at Plaintiff.

146. On another occasion, in or about February 14, 2024, a female detainee attacked the Plaintiff. The detainee had previously made a comment to Plaintiff that Plaintiff "ain't supposed to be here," or words to that effect. The detainee scratched and left visible marks on the back of Plaintiff's neck and upper back. Plaintiff had not done anything to prompt the assault.

147. When Plaintiff attempted to complain about the assault to a Correctional Officer employed by Defendant, Montgomery County Correctional Facility and/or Montgomery County, Plaintiff recollects that the Correctional Officer with whom Plaintiff was speaking appeared to disregard Plaintiff's concerns. Plaintiff recollects that the Correctional Officer questioned whether Plaintiff had "the nerve" to say that the inmate, who is female, had attacked him.

148. It is acknowledged that Plaintiff elected administrative segregation for the majority of Plaintiff's incarceration at Montgomery County Correctional Facility and acknowledges that this was as a result of the mistreatment Plaintiff received from the Correctional Officers, employees, and detainees, and the fact that he was being assigned to a female dorm.

149.    On one (1) occasion, Plaintiff recollects when he arrived at Montgomery County Correctional Facility, Plaintiff was required to change clothes and into a jumper before being placed into a holding cell.  Plaintiff recollects several Correctional Officers were present.  One (1) of the Correctional Officers who was present mocked Plaintiff by stating loudly, "Here she is!", when Plaintiff was walked in.  When Plaintiff expressed discomfort with changing his clothes in front of the officers, another officer stated that if Plaintiff did not remove his clothes right then, that the officer would cut the Plaintiff's clothes off of him, or words to that effect.

150.    On another occasion during Plaintiff's incarceration at Montgomery County Correctional Facility, Plaintiff was required to change clothes while being supervised by female correctional officers despite Plaintiff's objection to the same.  The correctional officers are believed and averred to be employees or agents of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.  Plaintiff objected to changing clothes in front of female correctional officers to no avail on that occasion.  Plaintiff objected on that occasion because Plaintiff identified as a transgender man.  However, female correctional officers continued to supervise Plaintiff while he changed clothes on that occasion.

151.    During the time period of Plaintiff's incarceration at Defendant, Montgomery County Correctional Facility, because Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, assigned Plaintiff to a female cell block, the only option for Plaintiff to shower was to shower together with women from the general

population of Plaintiff's cell block. After Plaintiff requested and was denied a transfer to a male cell block, Plaintiff elected on approximately a daily basis, or every other day, to bathe using the sink in his individual cell rather than shower with women.

152. During Plaintiff's incarceration at Montgomery County Correctional Facility, the other detainees would make offensive comments about Plaintiff not taking a shower. Plaintiff did not do so because Plaintiff is a transgender man and he did not feel comfortable showering in the presence of cisgender women. Plaintiff felt the need to defend himself and state that he did wash up every day in his cell.

153. During Plaintiff's incarceration at Montgomery County Correctional Facility, to the best of Plaintiff's recollection, in or about April or May 2024, approximately a few weeks before Plaintiff was transferred out of Montgomery County Correctional Facility, a Correctional Officer who Plaintiff believed to be Correctional Officer Geist, threatened Plaintiff with, "I'll drag you into that god-damned shower," or words to that effect. Plaintiff elected instead to bathe using the sink in his individual cell because Plaintiff did not feel comfortable showering in the presence of cisgender women.

154. During Plaintiff's incarceration at Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility, Montgomery County, and John Does and Jane Does # 1-10, provided Plaintiff with what Plaintiff believed were undergarments that were not provided to male inmates, but were provided to female inmates. Plaintiff was specifically provided women's underwear which were undergarments that were not consistent with Plaintiff's gender identity. Plaintiff was provided women's underwear approximately twice to Plaintiff's recollection during Plaintiff's incarceration with

Defendant, Montgomery County Correctional Facility, and Defendant, Montgomery County. It is believed and therefore averred that cisgender women housed in the female cell blocks of Defendant, Montgomery County Correctional Facility, are provided women's underwear by the jail that do not have to be purchased through the Commissary.

155.    Plaintiff recollects an occasion during his incarceration at Montgomery County Correctional Facility, during a period of time beginning in or around November 2023, and, Plaintiff recollects, for a few weeks thereafter, it is believed and therefore averred that Plaintiff was denied the use of barber services from the barber shop located on the premises of Montgomery County Correctional Facility. Plaintiff made a request of a correctional officer to use the barber shop which was denied by the officer at that time. It is alleged that Defendants, Montgomery County Correctional Facility, Montgomery County, and John Does and Jane Does # 1-10 denied Plaintiff the use of the barber shop on that occasion. It is believed and therefore averred that barber services were made available to other inmates of the jail at or around that time. It is acknowledged when Plaintiff subsequently requested the use of barber services from a different correctional officer that the other officer approved the request at that time.

156.    Plaintiff recollects submitting multiple formal, written grievances to Defendants, Montgomery County Correctional Facility, Montgomery County, and, it is believed, Defendant, Sean P. McGee, the Warden of Montgomery County Correctional Facility, regarding being mistreated on account of Plaintiff's gender identity, throughout Plaintiff's incarceration. Plaintiff recollects on each occasion placing the grievance in a specific box designated for grievances by the jail. Plaintiff recalls one (1) such grievance was submitted

in or around December 2023 to the best of Plaintiff's recollection. At no time were Plaintiff's grievances with respect to Plaintiff's assignment in the female cell block addressed by the Defendants, and at no time was Plaintiff prescribed hormone replacement therapy by the Defendants consistent with his grievance submitted regarding the same.

157.    It should be noted that upon Plaintiff's eventual transfer from Montgomery County Correctional Facility to the jail located in California, that in California Plaintiff was placed on a male cell block.

158.    At all times relevant hereto, Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, the Warden of Montgomery County Correctional Facility, had a policy, practice, and/or custom of making custodial housing assignments on the basis of the detainee's sex identified at birth, rather than their internal sense of their gender identity, for purposes of placement in Defendants' correctional institution. Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, the Warden of Montgomery County Correctional Facility, are further alleged to have had a policy, practice, and/or custom of not treating transgender detainees consistent with their gender identity during their incarceration.

159.    It is alleged that Defendant, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, at all times relevant hereto, had final decision-making authority with respect to where a detainee is confined at Montgomery County Correctional Facility. It is alleged that Defendant, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, had final decision-making authority over assigning Plaintiff to a female cell block despite Plaintiff's

gender identity being male.

160.    Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, the Warden of Montgomery County Correctional Facility, and John Does and Jane Does # 1-10, violated Plaintiff's substantive due process rights to dignity, bodily integrity and autonomy, and privacy.

161.    During Plaintiff's incarceration at Montgomery County Correctional Facility, health care providers acting within the course and scope of their agency relationship with, it is believed and therefore averred, Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, the Warden of Montgomery County Correctional Facility, denied Plaintiff gender affirming medical care in the form of hormone replacement therapy or "HRT." Hormone replacement therapy was denied for the entire duration of Plaintiff's incarceration at Montgomery County Correctional Facility.

162.    It should be noted that upon Plaintiff's eventual transfer from Montgomery County Correctional Facility to a jail located in California, in or around May 2024, Plaintiff remained in jail for approximately two (2) days until he was released, and within that timeframe Plaintiff was prescribed hormone replacement therapy within a matter of, Plaintiff recollects, approximately one (1) or two (2) days following his transfer from Montgomery County Correctional Facility to California.

163.    Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, the Warden of Montgomery County Correctional Facility, at all times relevant hereto, had a policy, practice, or custom of not providing transgender detainees with access to medically necessary gender affirming care, such as hormone replacement therapy

("HRT"), while the individuals are incarcerated, because of a policy, practice, or custom, unwritten or not, of treating gender affirming care and treatment as if it were cosmetic, rather than medically necessary, in order to deny providing the medical care.

164.    Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, the Warden of Montgomery County Correctional Facility, and John Does and Jane Does # 1-10, are alleged to have exhibited deliberate indifference to Plaintiff's serious medical needs.

165.    Plaintiff further alleges that Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, the Warden of Montgomery County Correctional Facility, failed to adequately train their employees or agents. The alleged lack of training was so severe that it amounted to deliberate indifference to Plaintiff's rights. The alleged failure to train constituted deliberate indifference. There is a causal connection between the alleged failure to train and the alleged constitutional violations.

**WHEREFORE**, Plaintiff, John Doe, hereby requests judgment in his favor and against Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, and John Does and Jane Does # 1-10, in their individual capacities as employees and/or agents of Defendants, Montgomery County Correctional Facility and/or Montgomery County, individually, and/or jointly and severally, in an amount in excess of $150,000.00, including actual damages, nominal damages, compensatory damages for pain and suffering, embarrassment and humiliation, loss of enjoyment of life and life's pleasures, and emotional distress, punitive damages, reasonable attorneys' fees, costs of suit, expert fees, equitable/injunctive relief including the adoption of a dorm

option for transgender detainees to be housed according to their gender identity as opposed to their biological sex, the adoption of policies relating to the treatment of transgender detainees including with respect to the use of pronouns, salutations, showering, dressing, and undergarments, for Defendants to be required to adopt and enforce appropriate policies on how to provide competent medical care to transgender individuals, for Defendants and their employees to be required to undergo LGBT sensitivity training, and/or any other and further relief that this Court determines to be just, proper, and equitable.

**COUNT V:**
**42 U.S.C. § 1983 – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (PLAINTIFF, JOHN DOE v. DEFENDANT, PRIMECARE MEDICAL, INC.)**

166.    Plaintiff restates and realleges all previous paragraphs as though fully set forth here.

167.    During Plaintiff's incarceration at Montgomery County Correctional Facility, health care providers acting within the course and scope of their agency relationship with, it is believed and therefore averred, Defendant, PrimeCare Medical, Inc., denied Plaintiff gender affirming medical care in the form of hormone replacement therapy or "HRT." Hormone replacement therapy was denied for the entire duration of Plaintiff's incarceration at Montgomery County Correctional Facility.

168.    It should be noted that upon Plaintiff's eventual transfer from Montgomery County Correctional Facility to a jail located in California, in or around May 2024, Plaintiff remained in jail for approximately two (2) days until he was released, and within that timeframe Plaintiff was prescribed hormone replacement therapy within a matter of, Plaintiff recollects, approximately one (1) or two (2) days following his transfer from Montgomery County Correctional Facility to California.

169. Defendant, PrimeCare Medical, Inc., at all times relevant hereto, had a policy, practice, or custom of not providing transgender detainees with access to medically necessary gender affirming care, such as hormone replacement therapy ("HRT"), while the individuals are incarcerated, because of a policy, practice, or custom, unwritten or not, of treating gender affirming care and treatment as if it were cosmetic, rather than medically necessary, in order to deny providing the medical care.

170. Defendant, PrimeCare Medical, Inc., is alleged to have exhibited deliberate indifference to Plaintiff's serious medical needs.

171. Plaintiff further alleges that Defendant, PrimeCare Medical, Inc., failed to adequately train its employees or agents. The alleged lack of training was so severe that it amounted to deliberate indifference to Plaintiff's rights. The alleged failure to train constituted deliberate indifference. There is a causal connection between the alleged failure to train and the alleged constitutional violations.

**WHEREFORE**, Plaintiff, John Doe, hereby requests judgment in his favor and against Defendant, PrimeCare Medical, Inc., individually, and/or jointly and severally, in an amount in excess of $150,000.00, including actual damages, nominal damages, compensatory damages for pain and suffering, embarrassment and humiliation, loss of enjoyment of life and life's pleasures, and emotional distress, punitive damages, reasonable attorneys' fees, costs of suit, expert fees, equitable/injunctive relief including for Defendant, PrimeCare Medical, Inc., to be required to adopt and enforce appropriate policies on how to provide competent medical care to transgender individuals, for its employees to be required to undergo LGBT sensitivity training, and/or any other and further relief that this Court determines to be just, proper, and equitable.

**COUNT VI:**
**42 U.S.C. § 1983 – CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE
EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION
(PLAINTIFF, JOHN DOE v. DEFENDANTS, MONTGOMERY COUNTY
CORRECTIONAL FACILITY; MONTGOMERY COUNTY; SEAN P. McGEE,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS WARDEN OF
MONTGOMERY COUNTY CORRECTIONAL FACILITY; AND JOHN DOES AND
JANE DOES # 1-10, IN THEIR INDIVIDUAL CAPACITIES AS EMPLOYEES AND/OR
AGENTS OF DEFENDANTS, MONTGOMERY COUNTY CORRECTIONAL
<u>FACILITY AND/OR MONTGOMERY COUNTY)</u>**

172.   Plaintiff restates and realleges all previous paragraphs as though fully set forth here.

173.   Plaintiff was incarcerated at Defendant, Montgomery County Correctional Facility,
beginning on or about September 11, 2023 through on or about May 2024.

174.   At all times relevant hereto, Defendant, Montgomery County Correctional Facility, housed
men and women in separate sex-segregated cell blocks of Montgomery County Correctional
Facility.

175.   From the time Plaintiff arrived at Defendant, Montgomery County Correctional Facility, the
Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P.
McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and
Jane Does # 1-10, assigned Plaintiff to a female cell block, which was not, from Plaintiff's
perspective, a cell block that was gender-appropriate for Plaintiff, and was not consistent
with Plaintiff's internal sense of his gender identity.

176.   From the time Plaintiff arrived at Defendant, Montgomery County Correctional Facility, the
Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P.
McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and
Jane Does # 1-10, classified Plaintiff's gender as female despite Plaintiff having, at the
relevant time, two (2) separate identity documents including both a government-issued

identification card and a passport which identified Plaintiff's gender as male.  Plaintiff has identified his gender identity as male since his transition in or about 2010.

177.  Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, classified Plaintiff's gender as female and assigned Plaintiff to a female cell block despite multiple requests from Plaintiff during Plaintiff's incarceration to be treated as male consistent with Plaintiff's gender identity.

178.  Plaintiff recollects that shortly after Plaintiff arrived at Montgomery County Correctional Facility, Plaintiff met with a health care provider while in a holding cell of the jail.  Plaintiff inquired about Plaintiff's assignment to the female cell block from the provider.  Plaintiff recollects that the provider stated to Plaintiff, "You were born as a female, we will put you with females," or words to that effect.  Although Plaintiff is unsure about the individual's identity, Plaintiff believes that the individual is named Susan, does not know the individual's last name, and recollects that the individual may have been a psychiatrist.  Plaintiff understood the individual to be a provider employed by Montgomery County rather than PrimeCare Medical, Inc.  The provider is identified as a Doe defendant in this action.  At all times relevant hereto, the provider is alleged to be an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting, at all times relevant hereto, within the course and scope of the provider's agency relationship with Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.

179.  Beginning shortly after Plaintiff's assignment to the female cell block of Montgomery

County Correctional Facility, Plaintiff recollects that a correctional officer assigned to supervise Plaintiff's area, who Plaintiff believes to be named Correctional Officer Padilla, would misgender Plaintiff by referring to Plaintiff with "she" and "her" pronouns. Plaintiff does not recollect the Correctional Officer's first name. Plaintiff identifies his gender identity as male, and identifies with the preferred pronouns, "he" and "him."

180. During Plaintiff's incarceration at Montgomery County Correctional Facility, Plaintiff was also referred to by the salutation, "Ms." or "Miss," followed by Plaintiff's last name, by the correctional officer Plaintiff believes to be named Correctional Officer Padilla. Plaintiff identifies his gender identity as being male, prefers the salutation, "Mr.," and does not prefer the salutation, "Ms." or "Miss."

181. Plaintiff recollects that the misgendering by Correctional Officer Padilla consisting of the incorrect pronouns, "she" and "her," and the incorrect salutation, "Ms." or "Miss," occurred after Plaintiff requested to be transferred to a male cell block following Plaintiff's arrival at Defendant, Montgomery County Correctional Facility. Plaintiff also recollects that he objected to each of the times Correctional Officer Padilla misgendered Plaintiff in the presence of Correctional Officer Padilla. Correctional Officer Padilla did not correct the use of incorrect pronouns and salutation when referring to Plaintiff even after Plaintiff objected to the same.

182. Plaintiff also recollects that the health care provider Plaintiff believes is named Susan, whose last name Plaintiff does not recollect, and who Plaintiff believes to be a psychiatrist—the same individual who stated to Plaintiff, "You were born as a female, we will put you with females," or words to that effect, following Plaintiff's arrival at the jail—made several visits

to Plaintiff's cell during Plaintiff's incarceration.  Plaintiff recollects that the provider would refer to Plaintiff with the incorrect salutation, "Ms." or "Miss," instead of Plaintiff's preferred salutation, "Mr."   Plaintiff understood the individual to be a provider employed by Montgomery County rather than PrimeCare Medical, Inc.  The provider is identified as a Doe defendant in this action.  At all times relevant hereto, the provider is alleged to be an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting, at all times relevant hereto, within the course and scope of the provider's relationship with Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.

183.    In addition, Correctional Officer Geist, who also was assigned to supervise Plaintiff during Plaintiff's incarceration with Defendant, Montgomery County Correctional Facility, also referred to Plaintiff by the incorrect pronouns "she" and "her."   It is believed that Correctional Officer Geist was, at all times relevant hereto, an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting within the course and scope of Correctional Officer Geist's agency relationship with the jail.

184.    During Plaintiff's incarceration at Montgomery County Correctional Facility, as a result of being assigned to a cell block that was not consistent with Plaintiff's gender identity, Plaintiff was subjected to harassment by the other detainees.  Plaintiff was misgendered with incorrect pronouns by the other detainees during Plaintiff's incarceration.  The other detainees would also taunt Plaintiff stating that Plaintiff did not belong on their cell block since he was a man, or words to that effect.  Plaintiff recollects that on another occasion a detainee stated that

they were going to sue the jail because Plaintiff was not supposed to be there, or words to that effect. Plaintiff recollects that two (2) other detainees in particular would walk over to Plaintiff's cell in order to stare in at him. On one (1) such occasion, after Plaintiff asked to be left alone, the other detainee laughed at Plaintiff.

185. On another occasion, in or about February 14, 2024, a female detainee attacked the Plaintiff. The detainee had previously made a comment to Plaintiff that Plaintiff "ain't supposed to be here," or words to that effect. The detainee scratched and left visible marks on the back of Plaintiff's neck and upper back. Plaintiff had not done anything to prompt the assault.

186. When Plaintiff attempted to complain about the assault to a Correctional Officer employed by Defendant, Montgomery County Correctional Facility and/or Montgomery County, Plaintiff recollects that the Correctional Officer with whom Plaintiff was speaking appeared to disregard Plaintiff's concerns. Plaintiff recollects that the Correctional Officer questioned whether Plaintiff had "the nerve" to say that the inmate, who is female, had attacked him.

187. It is acknowledged that Plaintiff elected administrative segregation for the majority of Plaintiff's incarceration at Montgomery County Correctional Facility and acknowledges that this was as a result of the mistreatment Plaintiff received from the Correctional Officers, employees, and detainees, and the fact that he was being assigned to a female dorm.

188. On one (1) occasion, Plaintiff recollects when he arrived at Montgomery County Correctional Facility, Plaintiff was required to change clothes and into a jumper before being placed into a holding cell. Plaintiff recollects several Correctional Officers were present. One (1) of the Correctional Officers who was present mocked Plaintiff by stating loudly, "Here she is!", when Plaintiff was walked in. When Plaintiff expressed discomfort with

changing his clothes in front of the officers, another officer stated that if Plaintiff did not remove his clothes right then, that the officer would cut the Plaintiff's clothes off of him, or words to that effect.

189. On another occasion during Plaintiff's incarceration at Montgomery County Correctional Facility, Plaintiff was required to change clothes while being supervised by female correctional officers despite Plaintiff's objection to the same. The correctional officers are believed and averred to be employees or agents of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County. Plaintiff objected to changing clothes in front of female correctional officers to no avail on that occasion. Plaintiff objected on that occasion because Plaintiff identified as a transgender man. However, female correctional officers continued to supervise Plaintiff while he changed clothes on that occasion.

190. During the time period of Plaintiff's incarceration at Defendant, Montgomery County Correctional Facility, because Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, assigned Plaintiff to a female cell block, the only option for Plaintiff to shower was to shower together with women from the general population of Plaintiff's cell block. After Plaintiff requested and was denied a transfer to a male cell block, Plaintiff elected on approximately a daily basis, or every other day, to bathe using the sink in his individual cell rather than shower with women.

191. During Plaintiff's incarceration at Montgomery County Correctional Facility, the other detainees would make offensive comments about Plaintiff not taking a shower. Plaintiff did

not do so because Plaintiff is a transgender man and he did not feel comfortable showering in the presence of cisgender women.  Plaintiff felt the need to defend himself and state that he did wash up every day in his cell.

192.  During Plaintiff's incarceration at Montgomery County Correctional Facility, to the best of Plaintiff's recollection, in or about April or May 2024, approximately a few weeks before Plaintiff was transferred out of Montgomery County Correctional Facility, a Correctional Officer who Plaintiff believed to be Correctional Officer Geist, threatened Plaintiff with, "I'll drag you into that god-damned shower," or words to that effect.  Plaintiff elected instead to bathe using the sink in his individual cell because Plaintiff did not feel comfortable showering in the presence of cisgender women.

193.  During Plaintiff's incarceration at Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility, Montgomery County, and John Does and Jane Does # 1-10, provided Plaintiff with what Plaintiff believed were undergarments that were not provided to male inmates, but were provided to female inmates. Plaintiff was specifically provided women's underwear which were undergarments that were not consistent with Plaintiff's gender identity.  Plaintiff was provided women's underwear approximately twice to Plaintiff's recollection during Plaintiff's incarceration with Defendant, Montgomery County Correctional Facility, and Defendant, Montgomery County. It is believed and therefore averred that cisgender women housed in the female cell blocks of Defendant, Montgomery County Correctional Facility, are provided women's underwear by the jail that do not have to be purchased through the Commissary.

194.  Plaintiff recollects an occasion during his incarceration at Montgomery County Correctional

Facility, during a period of time beginning in or around November 2023, and, Plaintiff recollects, for a few weeks thereafter, it is believed and therefore averred that Plaintiff was denied the use of barber services from the barber shop located on the premises of Montgomery County Correctional Facility.  Plaintiff made a request of a correctional officer to use the barber shop which was denied by the officer at that time.  It is alleged that Defendants, Montgomery County Correctional Facility, Montgomery County, and John Does and Jane Does # 1-10 denied Plaintiff the use of the barber shop on that occasion.  It is believed and therefore averred that barber services were made available to other inmates of the jail at or around that time.  It is acknowledged when Plaintiff subsequently requested the use of barber services from a different correctional officer that the other officer approved the request at that time.

195.    Plaintiff recollects submitting multiple formal, written grievances to Defendants, Montgomery County Correctional Facility, Montgomery County, and, it is believed, Defendant, Sean P. McGee, the Warden of Montgomery County Correctional Facility, regarding being mistreated on account of Plaintiff's gender identity, throughout Plaintiff's incarceration.  Plaintiff recollects on each occasion placing the grievance in a specific box designated for grievances by the jail.  Plaintiff recalls one (1) such grievance was submitted in or around December 2023 to the best of Plaintiff's recollection.  At no time were Plaintiff's grievances with respect to Plaintiff's assignment in the female cell block addressed by the Defendants, and at no time was Plaintiff prescribed hormone replacement therapy by the Defendants consistent with his grievance submitted regarding the same.

196.    The conduct of Defendants, Montgomery County Correctional Facility, Montgomery

County, Sean P. McGee, the Warden of Montgomery County Correctional Facility, and John Does and Jane Does # 1-10, constituted cruel and unusual punishment. It is further alleged that Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, the Warden of Montgomery County Correctional Facility, had a policy, practice, and/or custom of making custodial housing assignments on the basis of the detainee's sex identified at birth, rather than their internal sense of their gender identity, for purposes of placement in Defendants' correctional institution. Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, the Warden of Montgomery County Correctional Facility, are further alleged to have had a policy, practice, and/or custom of not treating transgender detainees consistent with their gender identity during their incarceration.

197.    It is alleged that Defendant, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, at all times relevant hereto, had final decision-making authority with respect to where a detainee is confined at Montgomery County Correctional Facility. It is alleged that Defendant, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, had final decision-making authority over assigning Plaintiff to a female cell block despite Plaintiff's gender identity being male.

198.    It is further alleged that Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, the Warden of Montgomery County Correctional Facility, and John Does and Jane Does # 1-10, failed to protect Plaintiff from mistreatment by detainees, including an assault by another detainee.

199.    Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, the Warden of Montgomery County Correctional Facility, at all times relevant hereto, had a policy, practice, or custom of not providing transgender detainees with access to medically necessary gender affirming care, such as hormone replacement therapy ("HRT"), while the individuals are incarcerated, because of a policy, practice, or custom, unwritten or not, of treating gender affirming care and treatment as if it were cosmetic, rather than medically necessary, in order to deny providing the medical care.    Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, the Warden of Montgomery County Correctional Facility, are alleged to have exhibited deliberate indifference to Plaintiff's serious medical needs.

200.    Plaintiff further alleges that Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, the Warden of Montgomery County Correctional Facility, failed to adequately train its employees or agents.    The alleged lack of training was so severe that it amounted to deliberate indifference to Plaintiff's rights.    The alleged failure to train constituted deliberate indifference.    There is a causal connection between the alleged failure to train and the alleged constitutional violations.

**WHEREFORE**, Plaintiff, John Doe, hereby requests judgment in his favor and against Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, and John Does and Jane Does # 1-10, in their individual capacities as employees and/or agents of Defendants, Montgomery County Correctional Facility and/or Montgomery County, individually, and/or jointly and severally, in an amount in excess of $150,000.00, including actual damages,

nominal damages, compensatory damages for pain and suffering, embarrassment and humiliation, loss of enjoyment of life and life's pleasures, and emotional distress, punitive damages, reasonable attorneys' fees, costs of suit, expert fees, equitable/injunctive relief including the adoption of a dorm option for transgender detainees to be housed according to their gender identity as opposed to their biological sex, the adoption of policies relating to the treatment of transgender detainees including with respect to the use of pronouns, salutations, showering, dressing, and undergarments, for Defendants to be required to adopt and enforce appropriate policies on how to provide competent medical care to transgender individuals, for Defendants and their employees to be required to undergo LGBT sensitivity training, and/or any other and further relief that this Court determines to be just, proper, and equitable.

### COUNT VII:
### 42 U.S.C. § 1983 – CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### (PLAINTIFF, JOHN DOE v. DEFENDANT, PRIMECARE MEDICAL, INC.)

201.    Plaintiff restates and realleges all previous paragraphs as though fully set forth here.

202.    During Plaintiff's incarceration at Montgomery County Correctional Facility, health care providers acting within the course and scope of their agency relationship with, it is believed and therefore averred, Defendant, PrimeCare Medical, Inc., denied Plaintiff gender affirming medical care in the form of hormone replacement therapy or "HRT." Hormone replacement therapy was denied for the entire duration of Plaintiff's incarceration at Montgomery County Correctional Facility.

203.    It should be noted that upon Plaintiff's eventual transfer from Montgomery County Correctional Facility to a jail located in California, in or around May 2024, Plaintiff remained in jail for approximately two (2) days until he was released, and within that timeframe

Plaintiff was prescribed hormone replacement therapy within a matter of, Plaintiff recollects, approximately one (1) or two (2) days following his transfer from Montgomery County Correctional Facility to California.

204. Defendant, PrimeCare Medical, Inc., at all times relevant hereto, had a policy, practice, or custom of not providing transgender detainees with access to medically necessary gender affirming care, such as hormone replacement therapy ("HRT"), while the individuals are incarcerated, because of a policy, practice, or custom, unwritten or not, of treating gender affirming care and treatment as if it were cosmetic, rather than medically necessary, in order to deny providing the medical care.

205. Defendant, PrimeCare Medical, Inc., is alleged to have exhibited deliberate indifference to Plaintiff's serious medical needs.

206. Plaintiff further alleges that Defendant, PrimeCare Medical, Inc., failed to adequately train its employees or agents. The alleged lack of training was so severe that it amounted to deliberate indifference to Plaintiff's rights. The alleged failure to train constituted deliberate indifference. There is a causal connection between the alleged failure to train and the alleged constitutional violations.

**WHEREFORE**, Plaintiff, John Doe, hereby requests judgment in his favor and against Defendant, PrimeCare Medical, Inc., individually, and/or jointly and severally, in an amount in excess of $150,000.00, including actual damages, nominal damages, compensatory damages for pain and suffering, embarrassment and humiliation, loss of enjoyment of life and life's pleasures, and emotional distress, punitive damages, reasonable attorneys' fees, costs of suit, expert fees, equitable/injunctive relief including for Defendant, PrimeCare Medical, Inc., to be required to adopt

and enforce appropriate policies on how to provide competent medical care to transgender individuals, for its employees to be required to undergo LGBT sensitivity training, and/or any other and further relief that this Court determines to be just, proper, and equitable.

**COUNT VIII:**
**DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794**
**(PLAINTIFF, JOHN DOE v. DEFENDANTS, MONTGOMERY COUNTY CORRECTIONAL FACILITY; MONTGOMERY COUNTY; SEAN P. McGEE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS WARDEN OF MONTGOMERY COUNTY CORRECTIONAL FACILITY; AND JOHN DOES AND JANE DOES # 1-10, IN THEIR INDIVIDUAL CAPACITIES AS EMPLOYEES AND/OR AGENTS OF DEFENDANTS, MONTGOMERY COUNTY CORRECTIONAL FACILITY AND/OR MONTGOMERY COUNTY)**

207.    Plaintiff restates and realleges all previous paragraphs as though fully set forth here.

208.    Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, prohibits recipients of Federal funds from excluding individuals from participation in, denying them the benefits of, or subjecting them to discrimination under any program or activity on the basis of disability.  It is believed and therefore averred that Defendants, Montgomery County Correctional Facility, Montgomery County, and Sean P. McGee, the Warden of Montgomery County Correctional Facility, at all times relevant hereto, were the recipients of Federal funds for the operation of Montgomery County Correctional Facility.  Plaintiff brings the instant claim under 42 U.S.C. § 1983 if appropriate.

209.    Gender dysphoria is a medical and therapeutic diagnosis associated with clinically significant distress or impairment in social, occupational, or other important areas of functioning for the transgender person.  Transgender people are diagnosed as suffering from GD when they have clinically significant distress associated with being transgender.  GD is a disability in that it substantially impairs one or more major life activities, including, but not limited to,

neurological, brain, social, or occupational functioning.

210.  It is alleged gender dysphoria results from a physical impairment. Plaintiff's dysphoria results from a physical impairment. It is alleged Plaintiff's dysphoria substantially limited Plaintiff in neurological or brain functioning.

211.  At all times relevant hereto, Plaintiff's gender dysphoria substantially limited Plaintiff in the major life activities of social and occupational functioning.

212.  Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, the Warden of Montgomery County Correctional Facility, and/or John Does and Jane Does # 1-10, violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, by discriminating against Plaintiff based on his gender dysphoria disability.

213.  Plaintiff was incarcerated at Defendant, Montgomery County Correctional Facility, beginning on or about September 11, 2023 through on or about May 2024.

214.  At all times relevant hereto, Defendant, Montgomery County Correctional Facility, housed men and women in separate sex-segregated cell blocks of Montgomery County Correctional Facility.

215.  From the time Plaintiff arrived at Defendant, Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, assigned Plaintiff to a female cell block, which was not, from Plaintiff's perspective, a cell block that was gender-appropriate for Plaintiff, and was not consistent with Plaintiff's internal sense of his gender identity.

216.  From the time Plaintiff arrived at Defendant, Montgomery County Correctional Facility, the

Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, classified Plaintiff's gender as female despite Plaintiff having, at the relevant time, two (2) separate identity documents including both a government-issued identification card and a passport which identified Plaintiff's gender as male. Plaintiff has identified his gender identity as male since his transition in or about 2010.

217.    Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, classified Plaintiff's gender as female and assigned Plaintiff to a female cell block despite multiple requests from Plaintiff during Plaintiff's incarceration to be treated as male consistent with Plaintiff's gender identity.

218.    Plaintiff recollects that shortly after Plaintiff arrived at Montgomery County Correctional Facility, Plaintiff met with a health care provider while in a holding cell of the jail. Plaintiff inquired about Plaintiff's assignment to the female cell block from the provider. Plaintiff recollects that the provider stated to Plaintiff, "You were born as a female, we will put you with females," or words to that effect. Although Plaintiff is unsure about the individual's identity, Plaintiff believes that the individual is named Susan, does not know the individual's last name, and recollects that the individual may have been a psychiatrist. Plaintiff understood the individual to be a provider employed by Montgomery County rather than PrimeCare Medical, Inc. The provider is identified as a Doe defendant in this action. At all times relevant hereto, the provider is alleged to be an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting,

at all times relevant hereto, within the course and scope of the provider's agency relationship with Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.

219.    Beginning shortly after Plaintiff's assignment to the female cell block of Montgomery County Correctional Facility, Plaintiff recollects that a correctional officer assigned to supervise Plaintiff's area, who Plaintiff believes to be named Correctional Officer Padilla, would misgender Plaintiff by referring to Plaintiff with "she" and "her" pronouns.  Plaintiff does not recollect the Correctional Officer's first name.  Plaintiff identifies his gender identity as male, and identifies with the preferred pronouns, "he" and "him."

220.    During Plaintiff's incarceration at Montgomery County Correctional Facility, Plaintiff was also referred to by the salutation, "Ms." or "Miss," followed by Plaintiff's last name, by the correctional officer Plaintiff believes to be named Correctional Officer Padilla.  Plaintiff identifies his gender identity as being male, prefers the salutation, "Mr.," and does not prefer the salutation, "Ms." or "Miss."

221.    Plaintiff recollects that the misgendering by Correctional Officer Padilla consisting of the incorrect pronouns, "she" and "her," and the incorrect salutation, "Ms." or "Miss," occurred after Plaintiff requested to be transferred to a male cell block following Plaintiff's arrival at Defendant, Montgomery County Correctional Facility.  Plaintiff also recollects that he objected to each of the times Correctional Officer Padilla misgendered Plaintiff in the presence of Correctional Officer Padilla.  Correctional Officer Padilla did not correct the use of incorrect pronouns and salutation when referring to Plaintiff even after Plaintiff objected to the same.

222.    Plaintiff also recollects that the health care provider Plaintiff believes is named Susan, whose last name Plaintiff does not recollect, and who Plaintiff believes to be a psychiatrist—the same individual who stated to Plaintiff, "You were born as a female, we will put you with females," or words to that effect, following Plaintiff's arrival at the jail—made several visits to Plaintiff's cell during Plaintiff's incarceration.  Plaintiff recollects that the provider would refer to Plaintiff with the incorrect salutation, "Ms." or "Miss," instead of Plaintiff's preferred salutation, "Mr."  Plaintiff understood the individual to be a provider employed by Montgomery County rather than PrimeCare Medical, Inc.  The provider is identified as a Doe defendant in this action.  At all times relevant hereto, the provider is alleged to be an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting, at all times relevant hereto, within the course and scope of the provider's relationship with Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.

223.    In addition, Correctional Officer Geist, who also was assigned to supervise Plaintiff during Plaintiff's incarceration with Defendant, Montgomery County Correctional Facility, also referred to Plaintiff by the incorrect pronouns "she" and "her."  It is believed that Correctional Officer Geist was, at all times relevant hereto, an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting within the course and scope of Correctional Officer Geist's agency relationship with the jail.

224.    During Plaintiff's incarceration at Montgomery County Correctional Facility, as a result of being assigned to a cell block that was not consistent with Plaintiff's gender identity, Plaintiff

was subjected to harassment by the other detainees.  Plaintiff was misgendered with incorrect pronouns by the other detainees during Plaintiff's incarceration.  The other detainees would also taunt Plaintiff stating that Plaintiff did not belong on their cell block since he was a man, or words to that effect.  Plaintiff recollects that on another occasion a detainee stated that they were going to sue the jail because Plaintiff was not supposed to be there, or words to that effect.  Plaintiff recollects that two (2) other detainees in particular would walk over to Plaintiff's cell in order to stare in at him.  On one (1) such occasion, after Plaintiff asked to be left alone, the other detainee laughed at Plaintiff.

225.  On another occasion, in or about February 14, 2024, a female detainee attacked the Plaintiff. The detainee had previously made a comment to Plaintiff that Plaintiff "ain't supposed to be here," or words to that effect.  The detainee scratched and left visible marks on the back of Plaintiff's neck and upper back.  Plaintiff had not done anything to prompt the assault.

226.  When Plaintiff attempted to complain about the assault to a Correctional Officer employed by Defendant, Montgomery County Correctional Facility and/or Montgomery County, Plaintiff recollects that the Correctional Officer with whom Plaintiff was speaking appeared to disregard Plaintiff's concerns.  Plaintiff recollects that the Correctional Officer questioned whether Plaintiff had "the nerve" to say that the inmate, who is female, had attacked him.

227.  It is acknowledged that Plaintiff elected administrative segregation for the majority of Plaintiff's incarceration at Montgomery County Correctional Facility and acknowledges that this was as a result of the mistreatment Plaintiff received from the Correctional Officers, employees, and detainees, and the fact that he was being assigned to a female dorm.

228.  On one (1) occasion, Plaintiff recollects when he arrived at Montgomery County

Correctional Facility, Plaintiff was required to change clothes and into a jumper before being placed into a holding cell. Plaintiff recollects several Correctional Officers were present. One (1) of the Correctional Officers who was present mocked Plaintiff by stating loudly, "Here she is!", when Plaintiff was walked in. When Plaintiff expressed discomfort with changing his clothes in front of the officers, another officer stated that if Plaintiff did not remove his clothes right then, that the officer would cut the Plaintiff's clothes off of him, or words to that effect.

229.    On another occasion during Plaintiff's incarceration at Montgomery County Correctional Facility, Plaintiff was required to change clothes while being supervised by female correctional officers despite Plaintiff's objection to the same. The correctional officers are believed and averred to be employees or agents of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County. Plaintiff objected to changing clothes in front of female correctional officers to no avail on that occasion. Plaintiff objected on that occasion because Plaintiff identified as a transgender man. However, female correctional officers continued to supervise Plaintiff while he changed clothes on that occasion.

230.    During the time period of Plaintiff's incarceration at Defendant, Montgomery County Correctional Facility, because Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, assigned Plaintiff to a female cell block, the only option for Plaintiff to shower was to shower together with women from the general population of Plaintiff's cell block. After Plaintiff requested and was denied a transfer to a

male cell block, Plaintiff elected on approximately a daily basis, or every other day, to bathe using the sink in his individual cell rather than shower with women.

231.  During Plaintiff's incarceration at Montgomery County Correctional Facility, the other detainees would make offensive comments about Plaintiff not taking a shower.  Plaintiff did not do so because Plaintiff is a transgender man and he did not feel comfortable showering in the presence of cisgender women.  Plaintiff felt the need to defend himself and state that he did wash up every day in his cell.

232.  During Plaintiff's incarceration at Montgomery County Correctional Facility, to the best of Plaintiff's recollection, in or about April or May 2024, approximately a few weeks before Plaintiff was transferred out of Montgomery County Correctional Facility, a Correctional Officer who Plaintiff believed to be Correctional Officer Geist, threatened Plaintiff with, "I'll drag you into that god-damned shower," or words to that effect.  Plaintiff elected instead to bathe using the sink in his individual cell because Plaintiff did not feel comfortable showering in the presence of cisgender women.

233.  During Plaintiff's incarceration at Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility, Montgomery County, and John Does and Jane Does # 1-10, provided Plaintiff with what Plaintiff believed were undergarments that were not provided to male inmates, but were provided to female inmates. Plaintiff was specifically provided women's underwear which were undergarments that were not consistent with Plaintiff's gender identity.  Plaintiff was provided women's underwear approximately twice to Plaintiff's recollection during Plaintiff's incarceration with Defendant, Montgomery County Correctional Facility, and Defendant, Montgomery County.

It is believed and therefore averred that cisgender women housed in the female cell blocks of Defendant, Montgomery County Correctional Facility, are provided women's underwear by the jail that do not have to be purchased through the Commissary.

234. Plaintiff recollects an occasion during his incarceration at Montgomery County Correctional Facility, during a period of time beginning in or around November 2023, and, Plaintiff recollects, for a few weeks thereafter, it is believed and therefore averred that Plaintiff was denied the use of barber services from the barber shop located on the premises of Montgomery County Correctional Facility. Plaintiff made a request of a correctional officer to use the barber shop which was denied by the officer at that time. It is alleged that Defendants, Montgomery County Correctional Facility, Montgomery County, and John Does and Jane Does # 1-10 denied Plaintiff the use of the barber shop on that occasion. It is believed and therefore averred that barber services were made available to other inmates of the jail at or around that time. It is acknowledged when Plaintiff subsequently requested the use of barber services from a different correctional officer that the other officer approved the request at that time.

235. Plaintiff recollects submitting multiple formal, written grievances to Defendants, Montgomery County Correctional Facility, Montgomery County, and, it is believed, Defendant, Sean P. McGee, the Warden of Montgomery County Correctional Facility, regarding being mistreated on account of Plaintiff's gender identity, throughout Plaintiff's incarceration. Plaintiff recollects on each occasion placing the grievance in a specific box designated for grievances by the jail. Plaintiff recalls one (1) such grievance was submitted in or around December 2023 to the best of Plaintiff's recollection. At no time were Plaintiff's

grievances with respect to Plaintiff's assignment in the female cell block addressed by the Defendants, and at no time was Plaintiff prescribed hormone replacement therapy by the Defendants consistent with his grievance submitted regarding the same.

236.    During Plaintiff's incarceration at Montgomery County Correctional Facility, health care providers acting within the course and scope of their agency relationship with, it is believed and therefore averred, Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, the Warden of Montgomery County Correctional Facility, and John Does and Jane Does # 1-10, denied Plaintiff gender affirming medical care in the form of hormone replacement therapy or "HRT."  Hormone replacement therapy was denied for the entire duration of Plaintiff's incarceration at Montgomery County Correctional Facility.

**WHEREFORE**, Plaintiff, John Doe, hereby requests judgment in his favor and against Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, and John Does and Jane Does # 1-10, in their individual capacities as employees and/or agents of Defendants, Montgomery County Correctional Facility and/or Montgomery County, individually, and/or jointly and severally, in an amount in excess of $150,000.00, including actual damages, nominal damages, compensatory damages for pain and suffering, embarrassment and humiliation, loss of enjoyment of life and life's pleasures, and emotional distress, punitive damages, reasonable attorneys' fees, costs of suit, expert fees, equitable/injunctive relief including the adoption of a dorm option for transgender detainees to be housed according to their gender identity as opposed to their biological sex, the adoption of policies relating to the treatment of transgender detainees including with respect to the use of pronouns, salutations, showering, dressing, and undergarments, for

Defendants to be required to adopt and enforce appropriate policies on how to provide competent medical care to transgender individuals, for Defendants and their employees to be required to undergo LGBT sensitivity training, and/or any other and further relief that this Court determines to be just, proper, and equitable.

**COUNT IX:**
**DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT ("ADA"), AS AMENDED, 42 U.S.C. § 12131, *et seq.***
**(PLAINTIFF, JOHN DOE v. DEFENDANTS, MONTGOMERY COUNTY CORRECTIONAL FACILITY; MONTGOMERY COUNTY; SEAN P. McGEE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS WARDEN OF MONTGOMERY COUNTY CORRECTIONAL FACILITY; AND JOHN DOES AND JANE DOES # 1-10, IN THEIR INDIVIDUAL CAPACITIES AS EMPLOYEES AND/OR AGENTS OF DEFENDANTS, MONTGOMERY COUNTY CORRECTIONAL FACILITY, MONTGOMERY COUNTY)**

237.    Plaintiff restates and realleges all previous paragraphs as though fully set forth here.

238.    Plaintiff alleges that Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, and John Does and Jane Does # 1-10, discriminated against Plaintiff based on his gender dysphoria disability in violation of Title II of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12131.  Title II of the ADA extends to state and local governments, their departments and agencies, and other instrumentalities. Plaintiff brings the instant claim under 42 U.S.C. § 1983 if appropriate.

239.    Gender dysphoria is a medical and therapeutic diagnosis associated with clinically significant distress or impairment in social, occupational, or other important areas of functioning for the transgender person.  Transgender people are diagnosed as suffering from GD when they have clinically significant distress associated with being transgender.  GD is a disability in that it

substantially impairs one or more major life activities, including, but not limited to, neurological, brain, social, or occupational functioning.

240.  It is alleged gender dysphoria results from a physical impairment.  Plaintiff's dysphoria results from a physical impairment.  It is alleged Plaintiff's dysphoria substantially limited Plaintiff in neurological or brain functioning.

241.  At all times relevant hereto, Plaintiff's gender dysphoria substantially limited Plaintiff in the major life activities of social and occupational functioning.

242.  Plaintiff was incarcerated at Defendant, Montgomery County Correctional Facility, beginning on or about September 11, 2023 through on or about May 2024.

243.  At all times relevant hereto, Defendant, Montgomery County Correctional Facility, housed men and women in separate sex-segregated cell blocks of Montgomery County Correctional Facility.

244.  From the time Plaintiff arrived at Defendant, Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, assigned Plaintiff to a female cell block, which was not, from Plaintiff's perspective, a cell block that was gender-appropriate for Plaintiff, and was not consistent with Plaintiff's internal sense of his gender identity.

245.  From the time Plaintiff arrived at Defendant, Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, classified Plaintiff's gender as female despite Plaintiff having, at the

relevant time, two (2) separate identity documents including both a government-issued identification card and a passport which identified Plaintiff's gender as male. Plaintiff has identified his gender identity as male since his transition in or about 2010.

246.    Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, classified Plaintiff's gender as female and assigned Plaintiff to a female cell block despite multiple requests from Plaintiff during Plaintiff's incarceration to be treated as male consistent with Plaintiff's gender identity.

247.    Plaintiff recollects that shortly after Plaintiff arrived at Montgomery County Correctional Facility, Plaintiff met with a health care provider while in a holding cell of the jail. Plaintiff inquired about Plaintiff's assignment to the female cell block from the provider. Plaintiff recollects that the provider stated to Plaintiff, "You were born as a female, we will put you with females," or words to that effect. Although Plaintiff is unsure about the individual's identity, Plaintiff believes that the individual is named Susan, does not know the individual's last name, and recollects that the individual may have been a psychiatrist. Plaintiff understood the individual to be a provider employed by Montgomery County rather than PrimeCare Medical, Inc. The provider is identified as a Doe defendant in this action. At all times relevant hereto, the provider is alleged to be an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting, at all times relevant hereto, within the course and scope of the provider's agency relationship with Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.

248.    Beginning shortly after Plaintiff's assignment to the female cell block of Montgomery County Correctional Facility, Plaintiff recollects that a correctional officer assigned to supervise Plaintiff's area, who Plaintiff believes to be named Correctional Officer Padilla, would misgender Plaintiff by referring to Plaintiff with "she" and "her" pronouns. Plaintiff does not recollect the Correctional Officer's first name. Plaintiff identifies his gender identity as male, and identifies with the preferred pronouns, "he" and "him."

249.    During Plaintiff's incarceration at Montgomery County Correctional Facility, Plaintiff was also referred to by the salutation, "Ms." or "Miss," followed by Plaintiff's last name, by the correctional officer Plaintiff believes to be named Correctional Officer Padilla. Plaintiff identifies his gender identity as being male, prefers the salutation, "Mr.," and does not prefer the salutation, "Ms." or "Miss."

250.    Plaintiff recollects that the misgendering by Correctional Officer Padilla consisting of the incorrect pronouns, "she" and "her," and the incorrect salutation, "Ms." or "Miss," occurred after Plaintiff requested to be transferred to a male cell block following Plaintiff's arrival at Defendant, Montgomery County Correctional Facility. Plaintiff also recollects that he objected to each of the times Correctional Officer Padilla misgendered Plaintiff in the presence of Correctional Officer Padilla. Correctional Officer Padilla did not correct the use of incorrect pronouns and salutation when referring to Plaintiff even after Plaintiff objected to the same.

251.    Plaintiff also recollects that the health care provider Plaintiff believes is named Susan, whose last name Plaintiff does not recollect, and who Plaintiff believes to be a psychiatrist—the same individual who stated to Plaintiff, "You were born as a female, we will put you with

females," or words to that effect, following Plaintiff's arrival at the jail—made several visits to Plaintiff's cell during Plaintiff's incarceration. Plaintiff recollects that the provider would refer to Plaintiff with the incorrect salutation, "Ms." or "Miss," instead of Plaintiff's preferred salutation, "Mr." Plaintiff understood the individual to be a provider employed by Montgomery County rather than PrimeCare Medical, Inc. The provider is identified as a Doe defendant in this action. At all times relevant hereto, the provider is alleged to be an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting, at all times relevant hereto, within the course and scope of the provider's relationship with Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.

252. In addition, Correctional Officer Geist, who also was assigned to supervise Plaintiff during Plaintiff's incarceration with Defendant, Montgomery County Correctional Facility, also referred to Plaintiff by the incorrect pronouns "she" and "her." It is believed that Correctional Officer Geist was, at all times relevant hereto, an employee or agent of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County, acting within the course and scope of Correctional Officer Geist's agency relationship with the jail.

253. During Plaintiff's incarceration at Montgomery County Correctional Facility, as a result of being assigned to a cell block that was not consistent with Plaintiff's gender identity, Plaintiff was subjected to harassment by the other detainees. Plaintiff was misgendered with incorrect pronouns by the other detainees during Plaintiff's incarceration. The other detainees would also taunt Plaintiff stating that Plaintiff did not belong on their cell block since he was a man,

or words to that effect.  Plaintiff recollects that on another occasion a detainee stated that they were going to sue the jail because Plaintiff was not supposed to be there, or words to that effect.  Plaintiff recollects that two (2) other detainees in particular would walk over to Plaintiff's cell in order to stare in at him.  On one (1) such occasion, after Plaintiff asked to be left alone, the other detainee laughed at Plaintiff.

254.    On another occasion, in or about February 14, 2024, a female detainee attacked the Plaintiff. The detainee had previously made a comment to Plaintiff that Plaintiff "ain't supposed to be here," or words to that effect.  The detainee scratched and left visible marks on the back of Plaintiff's neck and upper back.  Plaintiff had not done anything to prompt the assault.

255.    When Plaintiff attempted to complain about the assault to a Correctional Officer employed by Defendant, Montgomery County Correctional Facility and/or Montgomery County, Plaintiff recollects that the Correctional Officer with whom Plaintiff was speaking appeared to disregard Plaintiff's concerns.  Plaintiff recollects that the Correctional Officer questioned whether Plaintiff had "the nerve" to say that the inmate, who is female, had attacked him.

256.    It is acknowledged that Plaintiff elected administrative segregation for the majority of Plaintiff's incarceration at Montgomery County Correctional Facility and acknowledges that this was as a result of the mistreatment Plaintiff received from the Correctional Officers, employees, and detainees, and the fact that he was being assigned to a female dorm.

257.    On one (1) occasion, Plaintiff recollects when he arrived at Montgomery County Correctional Facility, Plaintiff was required to change clothes and into a jumper before being placed into a holding cell.  Plaintiff recollects several Correctional Officers were present. One (1) of the Correctional Officers who was present mocked Plaintiff by stating loudly,

"Here she is!", when Plaintiff was walked in.  When Plaintiff expressed discomfort with changing his clothes in front of the officers, another officer stated that if Plaintiff did not remove his clothes right then, that the officer would cut the Plaintiff's clothes off of him, or words to that effect.

258.    On another occasion during Plaintiff's incarceration at Montgomery County Correctional Facility, Plaintiff was required to change clothes while being supervised by female correctional officers despite Plaintiff's objection to the same.  The correctional officers are believed and averred to be employees or agents of Defendant, Montgomery County Correctional Facility, and/or Defendant, Montgomery County.  Plaintiff objected to changing clothes in front of female correctional officers to no avail on that occasion.  Plaintiff objected on that occasion because Plaintiff identified as a transgender man.  However, female correctional officers continued to supervise Plaintiff while he changed clothes on that occasion.

259.    During the time period of Plaintiff's incarceration at Defendant, Montgomery County Correctional Facility, because Defendants, Montgomery County Correctional Facility; Montgomery County; Sean P. McGee, the Warden of Montgomery County Correctional Facility; and/or John Does and Jane Does # 1-10, assigned Plaintiff to a female cell block, the only option for Plaintiff to shower was to shower together with women from the general population of Plaintiff's cell block.  After Plaintiff requested and was denied a transfer to a male cell block, Plaintiff elected on approximately a daily basis, or every other day, to bathe using the sink in his individual cell rather than shower with women.

260.    During Plaintiff's incarceration at Montgomery County Correctional Facility, the other

detainees would make offensive comments about Plaintiff not taking a shower. Plaintiff did not do so because Plaintiff is a transgender man and he did not feel comfortable showering in the presence of cisgender women. Plaintiff felt the need to defend himself and state that he did wash up every day in his cell.

261.    During Plaintiff's incarceration at Montgomery County Correctional Facility, to the best of Plaintiff's recollection, in or about April or May 2024, approximately a few weeks before Plaintiff was transferred out of Montgomery County Correctional Facility, a Correctional Officer who Plaintiff believed to be Correctional Officer Geist, threatened Plaintiff with, "I'll drag you into that god-damned shower," or words to that effect. Plaintiff elected instead to bathe using the sink in his individual cell because Plaintiff did not feel comfortable showering in the presence of cisgender women.

262.    During Plaintiff's incarceration at Montgomery County Correctional Facility, the Defendants, Montgomery County Correctional Facility, Montgomery County, and John Does and Jane Does # 1-10, provided Plaintiff with what Plaintiff believed were undergarments that were not provided to male inmates, but were provided to female inmates. Plaintiff was specifically provided women's underwear which were undergarments that were not consistent with Plaintiff's gender identity. Plaintiff was provided women's underwear approximately twice to Plaintiff's recollection during Plaintiff's incarceration with Defendant, Montgomery County Correctional Facility, and Defendant, Montgomery County. It is believed and therefore averred that cisgender women housed in the female cell blocks of Defendant, Montgomery County Correctional Facility, are provided women's underwear by the jail that do not have to be purchased through the Commissary.

263.    Plaintiff recollects an occasion during his incarceration at Montgomery County Correctional Facility, during a period of time beginning in or around November 2023, and, Plaintiff recollects, for a few weeks thereafter, it is believed and therefore averred that Plaintiff was denied the use of barber services from the barber shop located on the premises of Montgomery County Correctional Facility.  Plaintiff made a request of a correctional officer to use the barber shop which was denied by the officer at that time.  It is alleged that Defendants, Montgomery County Correctional Facility, Montgomery County, and John Does and Jane Does # 1-10 denied Plaintiff the use of the barber shop on that occasion.  It is believed and therefore averred that barber services were made available to other inmates of the jail at or around that time.  It is acknowledged when Plaintiff subsequently requested the use of barber services from a different correctional officer that the other officer approved the request at that time.

264.    Plaintiff recollects submitting multiple formal, written grievances to Defendants, Montgomery County Correctional Facility, Montgomery County, and, it is believed, Defendant, Sean P. McGee, the Warden of Montgomery County Correctional Facility, regarding being mistreated on account of Plaintiff's gender identity, throughout Plaintiff's incarceration.  Plaintiff recollects on each occasion placing the grievance in a specific box designated for grievances by the jail.  Plaintiff recalls one (1) such grievance was submitted in or around December 2023 to the best of Plaintiff's recollection.  At no time were Plaintiff's grievances with respect to Plaintiff's assignment in the female cell block addressed by the Defendants, and at no time was Plaintiff prescribed hormone replacement therapy by the Defendants consistent with his grievance submitted regarding the same.

265.    During Plaintiff's incarceration at Montgomery County Correctional Facility, health care providers acting within the course and scope of their agency relationship with, it is believed and therefore averred, Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, the Warden of Montgomery County Correctional Facility, and John Does and Jane Does # 1-10, denied Plaintiff gender affirming medical care in the form of hormone replacement therapy or "HRT." Hormone replacement therapy was denied for the entire duration of Plaintiff's incarceration at Montgomery County Correctional Facility.

**WHEREFORE**, Plaintiff, John Doe, hereby requests judgment in his favor and against Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, individually and in his official capacity as Warden of Montgomery County Correctional Facility, and John Does and Jane Does # 1-10, in their individual capacities as employees and/or agents of Defendants, Montgomery County Correctional Facility and/or Montgomery County, individually, and/or jointly and severally, in an amount in excess of $150,000.00, including actual damages, nominal damages, compensatory damages for pain and suffering, embarrassment and humiliation, loss of enjoyment of life and life's pleasures, and emotional distress, punitive damages, reasonable attorneys' fees, costs of suit, expert fees, equitable/injunctive relief including the adoption of a dorm option for transgender detainees to be housed according to their gender identity as opposed to their biological sex, the adoption of policies relating to the treatment of transgender detainees including with respect to the use of pronouns, salutations, showering, dressing, and undergarments, for Defendants to be required to adopt and enforce appropriate policies on how to provide competent medical care to transgender individuals, for Defendants and their employees to be required to

undergo LGBT sensitivity training, and/or any other and further relief that this Court determines to be just, proper, and equitable.

**COUNT X:**
**DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT ("ADA"), AS AMENDED, 42 U.S.C. §§ 12181-12189**
**(PLAINTIFF, JOHN DOE v. DEFENDANT, PRIMECARE MEDICAL, INC.)**

266.    Plaintiff restates and realleges all previous paragraphs as though fully set forth here.

267.    Defendant, PrimeCare Medical, Inc., is, upon information and belief, a private corporation contracting with Defendants, Montgomery County Correctional Facility, and/or Montgomery County, to provide medical care to detainees.  It is alleged that Defendant, PrimeCare Medical, Inc., is a public accommodation or service operated by a private entity and is therefore subject to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189.  Plaintiff alleges that Defendant, PrimeCare Medical, Inc., discriminated against Plaintiff based on his gender dysphoria disability in violation of Title III of the ADA.

268.    Gender dysphoria is a medical and therapeutic diagnosis associated with clinically significant distress or impairment in social, occupational, or other important areas of functioning for the transgender person.  Transgender people are diagnosed as suffering from GD when they have clinically significant distress associated with being transgender.  GD is a disability in that it substantially impairs one or more major life activities, including, but not limited to, neurological, brain, social, or occupational functioning.

269.    It is alleged gender dysphoria results from a physical impairment.  Plaintiff's dysphoria results from a physical impairment.  It is alleged Plaintiff's dysphoria substantially limited Plaintiff in neurological or brain functioning.

270.    At all times relevant hereto, Plaintiff's gender dysphoria substantially limited Plaintiff in the major life activities of social and occupational functioning.

271.    During Plaintiff's incarceration at Montgomery County Correctional Facility, health care providers acting within the course and scope of their agency relationship with, it is believed and therefore averred, Defendants, Montgomery County Correctional Facility, Montgomery County, Sean P. McGee, the Warden of Montgomery County Correctional Facility, and PrimeCare Medical, Inc., denied Plaintiff gender affirming medical care in the form of hormone replacement therapy or "HRT."  Hormone replacement therapy was denied for the entire duration of Plaintiff's incarceration at Montgomery County Correctional Facility.

272.    Plaintiff recollects that during his incarceration at Montgomery County Correctional Facility when he initially inquired about hormone replacement therapy from a health care provider who was believed and averred to be employed by Defendant, PrimeCare Medical, Inc., the provider stated to Plaintiff that Plaintiff could not be prescribed hormone replacement therapy because the prescription on file for Plaintiff had expired, or words to that effect.

273.    When Plaintiff asked the provider whether the prescription could be renewed, the provider stated that Plaintiff would have "to go to another kind of doctor," or words to that effect. Upon information and belief, Plaintiff was never referred to another provider about Plaintiff's request to be prescribed hormone replacement therapy during his incarceration at Montgomery County Correctional Facility.  At no time during Plaintiff's incarceration at Montgomery County Correctional Facility was Plaintiff prescribed HRT.

274.    Plaintiff recollects submitting multiple formal, written grievances to Defendants, Montgomery County Correctional Facility, Montgomery County, and, it is believed,

Defendant, Sean P. McGee, the Warden of Montgomery County Correctional Facility, regarding being mistreated on account of Plaintiff's gender identity, throughout Plaintiff's incarceration.  Plaintiff recollects on each occasion placing the grievance in a specific box designated for grievances by the jail.  Plaintiff recalls one (1) such grievance was submitted in or around December 2023 to the best of Plaintiff's recollection.  At no time were Plaintiff's grievances with respect to Plaintiff's assignment in the female cell block addressed by the Defendants, and at no time was Plaintiff prescribed hormone replacement therapy by the Defendants consistent with his grievance submitted regarding the same.

275.  It should be noted that upon Plaintiff's eventual transfer from Montgomery County Correctional Facility to a jail located in California, in or around May 2024, Plaintiff remained in jail for approximately two (2) days until he was released, and within that timeframe Plaintiff was prescribed hormone replacement therapy within a matter of, Plaintiff recollects, approximately one (1) or two (2) days following his transfer from Montgomery County Correctional Facility to California.

**WHEREFORE**, Plaintiff, John Doe, hereby requests judgment in his favor and against Defendant, PrimeCare Medical, Inc., individually, and/or jointly and severally, in an amount in excess of $150,000.00, including actual damages, nominal damages, compensatory damages for pain and suffering, embarrassment and humiliation, loss of enjoyment of life and life's pleasures, and emotional distress, punitive damages, reasonable attorneys' fees, costs of suit, expert fees, equitable/injunctive relief including for Defendant, PrimeCare Medical, Inc., to be required to adopt and enforce appropriate policies on how to provide competent medical care to transgender

individuals, for its employees to be required to undergo LGBT sensitivity training, and/or any other

and further relief that this Court determines to be just, proper, and equitable.

## IV.    <u>JURY DEMAND</u>

Plaintiff hereby requests a trial by jury of eight (8) members on all counts so triable.


DATED: <u>07/03/2025</u>                        Respectfully submitted,


Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
One Liberty Place,
1650 Market Street, Suite 3600
PMB #2494
Philadelphia, PA 19103
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com


*Attorney for Plaintiff,*
*John Doe*

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United

States of America that the foregoing is true and correct.

07/03/2025

DATED: _____        BY: _____

(Jul 3, 2025 15:01 EDT)

94