## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN DOE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civ. No. 25-3428** |
| | : | |
| **MONTGOMERY COUNTY** | : | |
| **CORRECTIONAL FACILITY,** *et al.*, | : | |
| **Defendants.** | : | |

### O R D E R

Plaintiff John Doe seeks leave to file a Second Amended Complaint.  (Doc. Nos. 28, 28-1 (Ex. A).)  Defendant PrimeCare Medical, Inc., opposes the Motion in part, asking me to deny Doe's attempt to assert § 1983 and negligence claims against PrimeCare Medical Assistant Niambi Mays.  (Doc. No. 30.)  I will grant the Motion.

I "should freely give leave [to amend] when justice so requires."  Lau v. Ambani, No. 16-6288, 2017 WL 7693353, at *1 (E.D. Pa. Aug. 11, 2017) (quoting Fed. R. Civ. P. 15(a)(2)).  I "may deny leave," however, "on a finding of undue delay, bad faith, prejudice to the opposing party, or futility."  Jang v. Bos. Sci. Scimed, Inc., 729 F.3d 357, 367 (3d Cir. 2013).

PrimeCare argues that because Doe's Second Amended Complaint is untimely, amendment is futile.  (Doc. No. 30 at 4–6.)  I disagree.

Doe filed the instant Motion the day before the limitations clock ran.  See 42 Pa.C.S. § 5524 (two-year statute of limitations for personal injury actions); Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003) (§ 5524 applies to § 1983 personal injury actions in Pennsylvania).  (Doc. No. 28.)  Although "[t]he most technically correct course of action probably would have been" for Doe to file his Second Amended Complaint separately, this Court has considered an Amended Complaint filed when it is attached to a Motion for Leave to Amend.  In re One Meridian Plaza Fire Litig., No. 91-2171, 1993 WL 308726, at *2 (E.D. Pa. Aug. 12, 1993);

1

see <u>Lau</u>, 2017 WL 7693353, at *7 ("The Amended Complaint, which is attached to the Motion to Amend is DEEMED FILED.") (record citation omitted).  Accordingly, amendment is not futile.

PrimeCare also argues that Mays will suffer prejudice.  (Doc. No. 30 at 10–11.)  I disagree.

"Prejudice 'means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party.'" <u>Lau</u>, 2017 WL 7693353, at *1 (quoting <u>Deakyne v. Comm'rs of Lewes</u>, 416 F.2d 290, 300 (3d Cir. 1969)).  PrimeCare thus "must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" <u>Bechtel v. Robinson</u>, 886 F.2d 644, 652 (3d Cir. 1989) (quoting <u>Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc.</u>, 663 F.2d 419, 426 (3d Cir. 1981)).  Yet, PrimeCare urges only that "[t]he proposed amendment would result in additional discovery, cost, and preparation to defend the new claims."  (Doc. No. 30 at 10 (citing <u>Cureton v. Nat'l Collegiate Athletic Ass'n</u>, 252 F.3d 267, 273 (3d Cir. 2001)).)  This unsupported assertion does not show undue or substantial prejudice.

In sum, I will grant Doe's Motion for Leave to Amend and deem his Second Amended Complaint—which he attached to the Motion "out of an abundance of caution"—as timely filed. (Doc. No. 28 at 24.)  Accordingly, I need not address Doe's argument in the alternative that his claims against Mays relate back to his original Complaint.  <u>See</u> Fed. R. Civ. P. 15(c).

\*                              \*                              \*

    **AND NOW**, this 16th day of December, 2025, upon consideration of Plaintiff Doe's

Motion for Leave to File a Second Amended Complaint (Doc. No. 28), attached Second Amended

Complaint (Ex. A), and Defendant PrimeCare's Response (Doc. No. 30), it is hereby **ORDERED**

that:

    1.      The Motion (Doc. No. 28) is **GRANTED**;

    2.      The Second Amended Complaint (Ex. A) is **DEEMED FILED**; and

    3.      Defendants shall answer or otherwise respond to the Second Amended Complaint

(Ex. A.) **on or by** **January 6, 2026**.

                                                               **AND IT IS SO ORDERED.**

                                              */s/ Paul S. Diamond*

                                              _____

                                              Paul S. Diamond, J.

(citing

the two-year statute of limitations respecting Doe's § 1983 and negligence claims against Medical Assistant Niambi Mays

Leave to amend the complaint may be denied upon a finding of "undue delay, bad faith, prejudice to the opposing party, or futility." Jang v. Boston Sci. Scimed, Inc., 729 F.3d 357, 367 (3d Cir. 2013). In evaluating undue delay, courts balance the reasons for not amending sooner against the burden of delay on the Court. Coventry v. U.S. Steel Corp., 856 F.2d 514, 520 (3d Cir. 1988). Prejudice "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." Deakyne v. Comm'rs of Lewes, 416 F.2d 290, 300 (3d Cir. 1969).

- The most technically correct course of action probably would have been for plaintiffs to file an amended complaint including only those amendments authorized by the April 14 Order, along with a motion to amend *that* amended complaint to include the other matters. However, it would be wasteful to strike this complaint and force plaintiffs to follow the above procedure. Thus, despite the fact that plaintiffs have already filed the new complaint to include the proposed amendments, I will evaluate this motion as if the amendments were merely proposed.

Lau v. Ambani, No. CV 16-6288, 2017 WL 7693353, at *1 (E.D. Pa. Aug. 11, 2017)

- A district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend the complaint may be denied upon a finding of "undue delay, bad faith, prejudice to the opposing party, or futility." Jang v. Boston Sci. Scimed, Inc., 729 F.3d 357, 367 (3d Cir. 2013). In evaluating undue delay, courts balance the reasons for not amending sooner against the burden of delay on the Court. Coventry v. U.S. Steel Corp., 856 F.2d 514, 520 (3d Cir. 1988). Prejudice "means undue difficulty in prosecuting [or

4

defending] a lawsuit as a result of a change of tactics or theories on the part of the other party."  <u>Deakyne v. Comm'rs of Lewes</u>, 416 F.2d 290, 300 (3d Cir. 1969).

- At *7 "The Amended Complaint, which is attached to the Motion to Amend [Doc. No. 61] is DEEMED FILED;"

"In evaluating undue delay, courts balance the reasons for not amending sooner against the burden of delay on the Court."  <u>Lau</u>, 2017 WL 7693353, at *1 (citing <u>Coventry v. U.S. Steel Corp.</u>, 856 F.2d 514, 520 (3d Cir. 1988)).  "Prejudice 'means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party.'"  <u>Id.</u> (quoting <u>Deakyne v. Comm'rs of Lewes</u>, 416 F.2d 290, 300 (3d Cir. 1969)).