IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE,       Plaintiff, | : : : |
| v. | : :   Civ. No. 25-3428 |
| MONTGOMERY COUNTY CORRECTIONAL FACILITY, *et al.*,       Defendants. | : : : : |

**O R D E R**

The Montgomery County Defendants have submitted written Objections to Plaintiff Doe's Notice of Deposition. (See Doc. No. 36-1.)

I will sustain the County's Objections to designating and presenting for deposition the "person with the most knowledge" about the subject matters identified in Doe's Notice. (Id. at 9.) Pursuant to Federal Rule of Civil Procedure 30(b)(6), the County is obligated to produce only one (or more) persons who are knowledgeable in the subject matters that Doe identified. See Penn Mut. Life Ins. Co. v. Rodney Reed 2006 Ins. Tr., No. 09-0663, 2011 WL 1636985, at *3 (D. Del. Apr. 29, 2011) ("a Rule 30(b)(6) 'deponent has a duty of being knowledgeable on the subject matter identified as the area of inquiry.'") (quoting Novartis Pharms. Corp. v. Abbott Labs., 203 F.R.D. 159, 162 (D. Del. 2001)).

I will also sustain the County's Objection to producing a deponent with knowledge as to "any"—not just Doe's—"grievance or grievances." (Id. at 9.)

Finally, the County argues that Doe impermissibly seeks deposition testimony from concerning: (1) "why Plaintiff was denied hormone replacement therapy and/or gender affirming care or treatment during his incarceration at Montgomery County Correctional Facility"; (2) "who identified 'Gender-Nontraditional' for Plaintiff"; and (3) "medical care referrals." (Doc. No. 36-1 at 9.) It is likely that PrimeCare will have far greater knowledge of these matters than the County.

1

<u>See</u> 37 Pa. Code § 95.232(5) (a county prison's designated health care provider "shall have sole province on matters involving medical judgment.")  (<u>Id.</u>)  Nonetheless, insofar as the County can produce a deponent at all knowledgeable in these matters, it should do so.

*                                             *                                             *

**AND NOW**, this 22nd day of December, 2025, upon consideration of Defendants'' Letter Request (Doc. No. 36-1), it is hereby **ORDERED** that Defendants' Objections to Plaintiff's Notice of Deposition are **SUSTAINED in part**.

                                                                  **AND IT IS SO ORDERED.**

                                                 */s/ Paul S. Diamond*
                                                 _____
                                                 Paul S. Diamond, J.