IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE,<br>    Plaintiff,<br><br>        v.<br><br>MONTGOMERY COUNTY<br>CORRECTIONAL FACILITY, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:  Civ. No. 25-3428<br>:<br>:<br>:<br>: |

**O R D E R**

In this inmate civil rights case, Plaintiff John Doe (who is represented by counsel) proceeds against the Montgomery County Correctional Facility, the County, and MCCF Warden Sean P. McGee (the County Defendants); Corrections Officers Kimberly Geist and Rosaria McCracken; PrimeCare Medical, Inc. and Medical Assistant Niambi Mays; "Officer Padilla"; "John Does and Jane Does # 1-10"; and "Psychiatrist Susan, Last Name Unknown." (Doc. No. 34.) Geist and McCracken move to dismiss, and the County Defendants move for partial judgment on the pleadings. (Doc. Nos. 39, 40.) I will grant the Motions in part and dismiss with prejudice, as allowing Doe to amend a third time would be futile.

I.      **BACKGROUND**

Doe—a transgender man—was an inmate at the Montgomery County Correctional Facility from November 2023 to May 2024. (Doc. No. 34 ¶¶ 3, 22.) During his incarceration, Doe alleges that: he was assigned to a female cell block; "misgendered with incorrect pronouns"; harassed by other detainees; "provided women's underwear"; required to "shower together with women" and change clothes in front of female officers; and denied barber services and "gender affirming medical care in the form of hormone replacement therapy." (See id. ¶¶ 20–83.)

Doe alleges that: Geist "referred to [him] by the incorrect pronouns," and McCracken threatened to "drag [him] into that g-d-damned shower" after he used the sink in his cell to bathe.

1

(Id. ¶¶ 32, 43; see id. ¶¶ 97, 108, 149, 159, 190, 201, 243, 254, 305, 340 (same).) Doe also alleges that he was "required to change clothes while being supervised by female correctional officers," including McCracken. (Id. ¶ 40; see id. ¶¶ 105, 156, 198, 251, 302, 337 (same).)

In December 2025, I granted Doe leave to file a Second Amended Complaint. (Doc. No. 33.) Geist and McCracken have moved to dismiss Doe's Eighth and Fourteenth Amendment § 1983 claims against them (Counts I–IV, VI). 42 U.S.C. § 1983. (Doc. No. 39.) MCCF, "Montgomery County," and McGee have moved for partial judgment on the pleadings, asking me to dismiss Doe's claims against them under § 1983, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973 (Counts I–IV, VI, XIII–IX). 42 U.S.C. § 12131 et seq.; 29 U.S.C. § 794 et seq. (Doc. No. 41.) The matters are fully briefed. (Doc. Nos. 39, 41, 45, 46, 48, 51.)

## II.   LEGAL STANDARDS

In deciding a motion to dismiss, I must accept Plaintiff's factual allegations and make all reasonable inferences in his favor. Fed. R. Civ. P. 12(b)(6); In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This inquiry "is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must "state a claim to relief that is plausible on its face." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). I may also consider "exhibits attached to the

complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). "The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller, 311 F.3d at 215. See Hecht v. Malvern Prep. Sch., No. 10-1374, 2010 WL 3398957, at *3 (E.D. Pa. Aug. 26, 2010). It is the defendant's burden to show that the plaintiff has failed to allege facts sufficiently detailed to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A motion for judgment on the pleadings "is analyzed under the same standards that apply to a Rule 12(b)(6) motion." EMD Performance Materials Corp. v. Marque of Brands Americas LLC, 578 F. Supp. 3d 670, 677 (E.D. Pa. 2022) (quoting Wolfington v. Reconstructive Orthopaedic [*sic*] Assocs. II PC, 935 F.3d 187, 195 (3d Cir. 2019).

### III.   DISCUSSION

#### A.   Claims Against MCCF

I "must dismiss any claims asserted against this Defendant because a jail or correctional facility is not a 'person' under § 1983." Mercer-Spencer v. Spencer, No. 24-0834, 2024 WL 1704702, at *2 (E.D. Pa. Apr. 19, 2024). Accordingly, I will dismiss Doe's § 1983 claims against MCCF. See Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)) (affirming dismissal of § 1983 claims against county prison).

#### B.   Claims Against "Montgomery County"

In an apparent attempt to correct his prior pleadings, Doe names both the County of Montgomery and "Montgomery County" as Defendants in Counts I–IV, VI, and VIII–IX of the Second Amended Complaint. (Doc. No. 34 at 8, 33, 52, 68, 89, 111, 123.) Only the County of

Montgomery—not "Montgomery County"—is a properly named Party. See, e.g., Arcuri v. Cnty. of Montgomery, No. 20-5408, 2021 WL 1811576 (E.D. Pa. May 6, 2021). Accordingly, I will dismiss as duplicative Doe's claims against "Montgomery County."

### C. Claims Against McGee

#### *Official Capacity Claims*

The County Defendants argue that I must dismiss as duplicative Doe's official capacity claims against McGee. (Doc. No. 41 at 9–10.) I disagree.

Although official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent," Doe may plead in the alternative against the County and McGee in his official capacity. Kentucky v. Graham, 473 U.S. 159, 165 (1985); see Fed. R. Civ. P. 8(d)(2)–(3) (permitting alternative and inconsistent pleadings).

Accordingly, I will not dismiss Doe's official capacity claims against McGee.

#### *Individual Capacity Claims Under the ADA and Rehabilitation Act*

Title II of the ADA provides that:

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a *public entity*, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132 (emphasis added). "[T]o state a claim under Title II of the ADA, plaintiffs must demonstrate that: (1) they are qualified individuals; (2) with a disability; and (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability." Durham v. Kelley, 82 F.4th 217, 225 (3d Cir. 2023) (citing Haberle v. Troxell, 885 F.3d 170, 178 (3d Cir. 2018)). "The elements of a claim under the [Rehabilitation Act] are the same, except that the plaintiff must also show that the program in question received federal dollars." Id.

4

McGee argues that I should enter judgment in his favor because there is no individual liability under the Title II of the ADA and § 504 of the Rehabilitation Act. (Doc. No. 41 at 10–12.) I agree.

Although the Third Circuit "has not squarely addressed the question of whether claims may be brought against government officers in their individual capacities under Title II," "nearly all of the [] Circuit's decisions regarding personal liability under the majority of [the] ADA's other titles point toward the absence of individual liability." Murphy v. Justs. of the Peace, No. 24-1710, 2025 WL 2848986, at *3 n.4 (3d Cir. Oct. 8, 2025) (quoting Durham, 82 F.4th at 224 n.12); Scott v. Pennsylvania Dep't of Corr., No. 24-0335, 2024 WL 1916725, at *4 (M.D. Pa. May 1, 2024) (citing Kokinda v. Pennsylvania Dep't of Corr., 779 F. App'x 938, 942 (3d Cir. 2019) (plaintiff's "claims for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability.")). See also Montanez v. Price, 154 F.4th 127, 145 (3d Cir. 2025) ("Neither state employees nor contractors are 'public entities,' so they cannot be sued under Title II."); Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials."); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc) (Title II); Calloway v. Boro of Glassboro Dep't of Police, 89 F. Supp. 2d 543, 557 (D.N.J. 2000) (Title II and § 504).

"In contrast, the [] Circuit has made a clear finding that individual defendants are not liable under the Rehabilitation Act." Scott, 2024 WL 1916725, at *5 (citing Emerson v. Thiel Coll., 296 F.3d 184, 189 (3d Cir. 2002). See also Montanez, 154 F.4th at 145 (quoting Emerson, 296 F.3d at 190) ("because 'the individual defendants do not receive federal aid,' they also cannot be liable under [§] 504").

Accordingly, I will dismiss Doe's individual capacity claims against McGee under Title II and § 504.

### D. Claims Against Geist and McCracken

These Defendants seek dismissal of Doe's Eighth and Fourteenth Amendment § 1983 claims for failure to state a claim. (Doc. No. 39.)

Doe alleges that Geist "referred to [him] by the incorrect pronouns." (Doc. No. 34 ¶ 32; see id. ¶¶ 97, 149, 190, 243 (same).)  Yet, an inmate's "allegations of verbal harassment, unaccompanied by another injury, are not cognizable under § 1983." Sears v. McCoy, 815 F. App'x 668, 670 (3d Cir. 2020).  See also Washington v. Rozich, 734 F. App'x 798, 801 (3d Cir. 2018) ("Verbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment."); Mickens v. Clark, No. 24-0190, 2025 WL 976701, at *10 (M.D. Pa. Mar. 31, 2025) (dismissing Eighth Amendment § 1983 claim against correctional officer for "use of homophobic, racist, foul, and vulgar language") (cleaned up); Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir. 1987) (cited favorably in Ayala v. Terhune, 195 F. App'x 87, 92 (3d Cir. 2006)) (use of derogatory racial epithets does not violate the Fourteenth Amendment)).

In his First Amended Complaint, and in his Response to the instant Motion, Doe also alleges that Geist "misgendered" Doe in "official prison documentation." (Doc. Nos. 20-1 at 2, 45 at 5.)  His Second Amended Complaint, which does not include this allegation, "supersedes the [prior] pleading and renders the [prior] pleading a nullity." Garrett v. Wexford Health, 938 F.3d 69, 82 (3d Cir. 2019).  In any event, this allegation—"without any injury or threat thereof"—does not make out a plausible § 1983 claim. Mickens v. Clark, No. 24-0190, 2025 WL 976701, at *10 (M.D. Pa. Mar. 31, 2025); Sears, 815 F. App'x at 670.

Similarly, although Doe alleges that McCracken threatened to "drag [him] into that g-d-damned shower," he does not allege that McCracken acted on this threat, or that the threat "resulted in any physical harm." Ludwig v. Terra, No. 25-1213, 2025 WL 2325654, at *7 (E.D. Pa. Aug. 12, 2025). (Doc. No. 34 ¶ 43; see id. ¶¶ 108, 159, 201, 254, 305, 340 (same).) Again, Doe does not make out a plausible § 1983 claim. See Concepcion v. Russell, No. 21-1060, 2021 WL 2529816, at *5 (E.D. Pa. June 21, 2021) ("mocking and verbal harassment of a prisoner simply do not give rise to an independent constitutional violation").

Finally, Doe alleges that he was "required to change clothes while being supervised by female correctional officers," including McCracken. (Doc. No. 34 ¶ 40; see id. ¶¶ 105, 156, 198, 251, 302, 337 (same).) This purported conduct, without more, does not violate the Constitution. See Small v. Wetzel, 528 F. App'x 202, 206–07 (3d Cir. 2013) (strip search of male prisoners in presence of female prison staff did not violate prisoners' constitutional rights); Dill v. Oslick, No. 97-6753, 1999 WL 508675, at *7 n.3 (E.D. Pa. July 19, 1999) (citing Hovater v. Robinson, 1 F.3d 1063, 1066–68 & n. 4 (10th Cir. 1993)) ("no constitutional right of prisoner to guard of same gender").

I will thus dismiss Doe's claims against Geist and McCracken.

Geist and McCracken also argue that they are entitled to qualified immunity as to Doe's claims. See Pearson v. Callahan, 555 U.S. 223, 231 (2009) ("Government officials performing discretionary functions are insulated from suit on qualified immunity grounds where their conduct did not violate a 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"). (Doc. No. 39 at 14–17.) In light of my decision, I will not address qualified immunity.

*          *          *

**AND NOW**, this 4th day of March, 2026, upon consideration of Defendants Kimberly Geist and Rosaria McCracken's Motion to Dismiss (Doc. No. 39), Plaintiff's Response (Doc. No. 45), and Defendants' Reply (Doc. No. 48); and Defendants Sean P. McGee, "Montgomery County," and the Montgomery County Correctional Facility's Motion for Judgment on the Pleadings (Doc. No. 41), Plaintiff's Response (Doc. No. 46), and Defendants' Reply (Doc. No. 51), it is hereby **ORDERED** that:

1. The Motion to Dismiss (Doc. No. 39) is **GRANTED**.

2. Plaintiff's claims against Kimberly Geist and Rosaria McCracken (Counts I–IV, VI) **SHALL be DISMISSED with prejudice**.

3. The Motion for Judgment on the Pleadings (Doc. No. 41) is **GRANTED in part** as follows:

    a. Plaintiff's claims against the Montgomery County Correctional Facility and "Montgomery County" (Counts I–IV, VI, VIII–IX) **SHALL be DISMISSED with prejudice**;

    b. Plaintiff's individual capacity claims against Sean P. McGee under the ADA and Rehabilitation Act (Counts VIII–IX) **SHALL be DISMISSED with prejudice**;

    c. The Motion (Doc. No. 41) is otherwise **DENIED**.

**AND IT IS SO ORDERED.**

/s/ Paul S. Diamond<br>_____<br>Paul S. Diamond, J.